WILLIAM SCHULTZ, JR., ET AL., APPELLEES, V. ALTIE
E. LOOMIS ET AL., APPELLANTS.

FILED APRIL 17, 1894.    No. 6613.

1. **Mortgage Foreclosure**: APPRAISEMENT: VALIDITY OF SALE.
   Where plaintiffs, having joint interests in a mortgage, in their
   petition declared the mortgage wholly due and collectible be-
   cause of non-payments according to stipulations therein con-
   tained, consistently with which declaration the prayer was for
   the ascertainment of the whole amount secured by such mort-
   gage, in which foreclosure proceeding a decree for much less
   than was really due was entered, *held*, in proceedings to enforce
   said decree, that the deduction by the appraisers from the value
   of the property of the balance omitted from the decree, as being
   a subsisting lien on the property, vitiated the sale made on such
   basis of deduction adopted by the appraisers.

2. ———: ELECTION TO DECLARE DEBT DUE: PLEADING.    After
   default of defendants, the filing of an amended petition, differing
   from the original only in omitting the averments of an election
   by plaintiffs according to the terms of the mortgage declared
   upon to consider it wholly due and collectible, was not operative
   to repudiate such election, even though, in the absence of express
   stipulation to that effect, plaintiffs might have had the right to
   reconsider the election made and pleaded as aforesaid.

3. ———: PLEADING: DECREES.    An amended petition, filed after
   an answer was due from defendants, who had made no appear-
   ance and who never had notice of the filing of such amended
   petition, formed no basis for a valid judgment or decree against
   said defendants.    Under such circumstances a decree could only
   be entered conformably to the averments and prayer of the orig-
   inal petition.

APPEAL from the district court of Lancaster county. Heard below before STRODE, J.

*Cobb & Harvey* and *Darnall & Kirkpatrick*, for appellants, cited: *Vought v. Foxworthy*, 38 Neb., 790; *Young v. Brand*, 15 Neb., 601; *Vincent v. Moore*, 51 Mich., 618; *Walton v. Hollywood*, 47 Mich., 385; *Caruthers v. Humphrey*, 12 Mich., 270; *Moynahan v. Moore*, 9 Mich., 9.

*S. L. Geisthardt, contra*, cited: *State Nat. Bank of Lincoln v. Scofield*, 9 Neb., 499; *Johnson v. Bemis*, 7 Neb., 224; *Runge v. Brown*, 29 Neb., 116; *Dietrichs v. Lincoln & N. W. R. Co.*, 13 Neb., 43; *Sessions v. Irwin*, 8 Neb., 5; *Craig v. Stephenson*, 15 Neb., 362; *La Flume v. Jones*, 5 Neb., 256.

RYAN, C.

The appeal in this case is from the confirmation of a sale and a decree of foreclosure in the district court of Lancaster county. To an understanding of our conclusion it is necessary to give a history of the proceedings antedating and forming the basis of the order of confirmation of which complaint is now made.

On the 25th day of April, 1893, William Schultz, Jr., and the Clark & Leonard Investment Company (a Nebraska corporation), as plaintiffs, filed in the aforesaid district court their joint petition, in which Altie E. Loomis and Carlton E. Loomis, her husband, were made defendants. This petition was for the foreclosure of a mortgage executed by the defendants to the Clark & Leonard Investment Company October 14, 1891. This mortgage was to secure payment of a bond contemporaneously made, whereby Altie E. Loomis and Carlton E. Loomis promised to pay to the aforesaid investment company the principal sum of $7,000 October 1, 1896, and interest thereon at six per cent per annum, as evidenced by nine coupons, each for $210,

one of which fell due on each of the following dates, to-wit, October 1, 1892, 1893, 1894, 1895, 1896, and April 1, 1893, 1894, 1895, and 1896, respectively. The plaintiffs averred in their petition that after the 14th day of October, 1891, the date of said mortgage, it was duly assigned, indorsed, and delivered by the aforesaid investment company to its co-plaintiff, William Schultz, Jr., who, it was alleged in the petition, was still the owner thereof at the time said petition was filed, such ownership being qualified only as afterward set forth in the petition. It was averred that the investment company, when it assigned the said mortgage to William Schultz, Jr., guarantied payment of the interest thereon as part of the consideration of said assignment. The sixth and seventh paragraphs of the petition are in this language:

" 6. The defendants have not paid, or caused to be paid, the debt secured by said mortgage, or any part thereof, as provided thereby as due on the annexed note and coupons, but are in default in this, to-wit, that they have not paid, or caused to be paid, the interest coupons due on October 1, 1892, and thereafter, nor the taxes levied on said lands for the years 1890 and thereafter, but the same have become delinquent, and said land has been sold by the county treasurer of said county for the payment thereof, according to the statute in such case made and provided; wherefore plaintiffs have elected, and hereby elect, to consider the whole sum so secured due and payable, and said mortgage deed has thereby become absolute.

" 7. That heretofore, to-wit, on October 1, 1892, and April 1, 1893, the defendants were in default of the interest coupons then maturing, and the plaintiff the Clark & Leonard Investment Company did pay the amount thereof to the plaintiff William Schultz, Jr., pursuant to its contract of guaranty aforesaid, and said coupons were thereupon reassigned and delivered to the plaintiff the Clark & Leonard Investment Company, and the same is now the lawful owner and holder thereof."

As a cause of action in favor of the Clark & Leonard Investment Company alone, that company stated in the petition aforesaid that on May 2, 1892, the defendants made to said company their promissory note for $956.75, due November 1, 1892, upon which interest accrued at the rate of ten per cent per annum after maturity by its terms; that to secure the payment of said note the defendants mortgaged to said company the same premises which had previously been mortgaged as hereinbefore stated.    In respect to the last made mortgage there were the proper averments to entitle the investment company to a decree of foreclosure.    The prayer of the petition was as follows: " Wherefore the plaintiffs pray that the court will ascertain the facts in the premises and render judgment for such sum as may be found due; that the defendants, and each of them, may be foreclosed in and to said premises; that the premises may be sold according to law, and the proceeds duly applied to satisfy the amounts found due according to priority; that judgment be rendered for each of plaintiffs for any deficiency which may remain against the defendants, and for such other and further relief as may be just and equitable."

In this connection it is proper to say that the mortgage first referred to in the petition provided that the failure to pay any of the money therein promised to be paid, either principal or interest, within thirty days after the same became due, or to perform any other condition (one of which was timely payment of taxes), should cause the whole sum secured to become due and collectible at once without notice, if the mortgagee, its successors or assigns, should so elect, and that the said mortgage might thereupon be foreclosed immediately for the whole of said money, interest and costs.

On the 17th day of June, 1893, there was filed an amended petition, differing from the original, so far as concerns this inquiry, only in omitting the election to declare

due and subject to foreclosure the whole sum secured. No leave seems to have been given to file this amended petition, and we are at a loss to discover any use or purpose which it subserved, as will readily appear from the considerations which will now be enumerated:

1. While the summons was omitted from the record so that we cannot determine just when the defendants were in default, it appears from the journal entries that on the very day when this amended petition was filed the default of the defendants was adjudged by the court, and a decree thereon rendered against them. It cannot be assumed that the court entered a decree upon the amended petition under the circumstances stated inconsistently with the decisions of this court in *Hapgood v. Ellis*, 11 Neb., 131; *Cockle Separator Mfg. Co. v. Clark*, 23 Neb., 702; *Taylor v. Trumbull*, 32 Neb., 508, and *Arnold v. Badger Lumber Co.*, 36 Neb., 841.

2. If the foreclosure had been for only an installment or a matured portion of the debt secured by the mortgage, the decree should have followed the requirements made in such cases by the provisions of sections 858–861 of the Code of Civil Procedure.

3. It is very questionable, after declaring the whole amount secured by the mortgage to be due and collectible, whether in the same suit the plaintiff could, without stipulated authority, revoke such election; in this case there was, however, no attempt at such revocation.

We are therefore constrained to hold that the amended petition in no respect modified or superseded the original petition, and that both the plaintiffs having once declared upon, elected to treat as wholly due, and obtained a decree of foreclosure upon, the mortgage securing payment of the bond for $7,000 and interest, their remedy was wholly exhausted as to said mortgage. The decree was for the sum of $1,463.80 established as a lien upon the property mortgaged. To satisfy this decree an order of sale issued and

thereunder the mortgaged property was appraised at $10,000. The sale was made September 19, 1893, for the sum of $1,696. It was afterward confirmed by the district court, and from the order of confirmation this appeal was taken. One question alone need be considered. The certificate of the register of deeds of Lancaster county included the $7,000 mortgage made by the defendants to the Clark & Leonard Investment Company. In ascertaining the value of the interest of the defendants in the real property about to be sold, the mortgage just referred to (amounting, with interest, to $7,197) was deducted by the appraisers from $10,000, the gross valuation made by them. The bid upon which the property was sold by the sheriff was not more than sufficient to equal the amount which had been decreed a lien against the mortgaged premises with prior tax liens thereon. After a decree was entered upon the mortgage declared upon as wholly due and collectible, it admits of no doubt that another action could not be brought for foreclosure as to a balance remaining by reason of the first foreclosure being for too small an amount. The only remedy available would have been to procure the first decree to be set aside, and afterward by proper proceedings to obtain proper relief. The plaintiffs could not treat the first decree as valid and subsisting, and at the same time insist, notwithstanding the existing decree, that additional relief should be granted because the first decree failed to recognize the full amount of the liability of the defendants. This practice would at once be disapproved, for it is by common consent accurately and pointedly characterized as splitting causes of action. On principle, and in its effects, the method actually pursued in this case accomplished the same results. The decree was for interest paid by the guarantor and due from defendants on the $7,000 mortgage, as well as for the amount of the subsequent mortgage to the investment company. Instead of afterward having the mortgage for security of the

$7,000 bond and other accrued interest by the court declared a lien additional to what in the shape of interest on the $7,000 had already been carved out of the $7,000 mortgage security, plaintiffs procured it to be so declared by the appraisers, and afterwards by the sheriff as fully and effectually recognized and enforced as though that official had found it included within the order of sale under the authority of which he was acting. The difference is only in the method; the result is the same.

This cause is reversed and is remanded to the district court of Lancaster county, with directions to enter a decree conformably to the prayer of the original petition of plaintiffs.

REVERSED.