CHARLES GREEN ET AL., APPELLEES, V. JOHN W. PAUL ET AL., APPELLANTS.

FILED MARCH 21, 1900. No. 9,169.

1. **Judicial Sale:** APPRAISEMENT: OBJECTIONS TO CONFIRMATION: ATTENTION OF TRIAL COURT. Objections to the appraisement of property made for the purpose of judicial sale, or to the confirmation of such a sale, must be brought to the attention of the district court, and its ruling obtained thereon to entitle the same to be considered on review.

2. ———: VACATION. A judicial sale will not be vacated on the ground that the property was placed too low by the appraisers, unless the actual value so greatly exceeds the appraised value as to raise the presumption of fraud in making the appraisement.

3. **Owner of Equity:** OBJECTIONS TO CONFIRMATION. The owner of the equity of redemption of real estate can not be heard to object to the confirmation of the sale on the ground that prior liens against the property were not deducted by the appraisers in making the appraisement.

4. ———: NOTICE. The owner of the real estate about to be sold under a decree of foreclosure is not entitled to notice of the time and place of making the appraisement. *Maginn v. Pickard*, 57 Nebr., 642.

5. **Judicial Notice.** Courts of this state will take judicial notice that the city of Omaha is situated in Douglas county.

APPEAL from the district court of Douglas county. Heard below before POWELL, J. *Affirmed.*

*D. W. Merrow,* for appellants.

*William H. Crow,* contra, cited: *Neligh v. Keene,* 16 Nebr., 407.

NORVAL, C. J.

This appeal is prosecuted by the defendant, Paul W. Horbach, from an order of the district court approving a sale of real estate made by a special master commissioner. Objections to the appraisement, and also a motion to vacate the sale upon the same grounds, were filed, but the record fails to show affirmatively that they were called to the attention of the district court, or that it ruled thereon. For this reason alone we would be entirely justified in affirming the order from which the appeal is taken. But we prefer to dispose of the case on the merits, since the result just indicated will be thereby reached. The objections to the sale and to the appraisement are the same, and will be considered together. These are:

"1. The appraised value of the real estate is unjust, unequitable and far below its money value.

"2. The officer making said appraisement failed to obtain from the proper county officers certificates showing all liens against the property prior to the lien in suit, and to deduct the same, if any, from the appraised-value, as required by law.

"3. No opportunity was given defendant to appear before said officer and appraisers called by him or any of them to be heard upon the question of value of said property, and no notice of any kind was given of the time and place and fact of said proposed appraisal.

"4. Said appraisement does not show that the land attempted to be appraised is in Douglas county, Nebraska."

The evidence on the question of value of the premises fails to establish that the actual value of the property so greatly exceeded the sum fixed by the appraisers as to justify the inference that the appraisement was fraudulent; therefore, under the holdings of this court, the first objection to the appraisement and sale is unavailing. *Miller v. Lanham,* 35 Nebr., 886; *Vought v. Foxworthy,*

38 Nebr., 790; *Kearney Land & Inv. Co. v. Aspinwall*, 45 Nebr., 601. Plaintiff waived the obtaining of the certificates of liens, and the failure of the special master commissioner to obtain such certificates and to deduct the amount of liens against the property from the actual value constituted no valid cause for setting aside the sale or appraisement. *La Flume v. Jones*, 5 Nebr., 256; *Craig v. Stephenson*, 15 Nebr., 362; *Smith v. Foxworthy*, 39 Nebr., 214; *Nebraska Land, Stock-Growing & Inv. Co. v. Cutting*, 51 Nebr., 647; *American Inv. Co. v. McGregor*, 48 Nebr., 779.

The third objection to the appraisement and sale is without merit, since the owner of real estate which is about to be sold under a decree of foreclosure is not entitled to notice of the time and place of making the appraisement. *Maginn v. Pickard*, 57 Nebr., 642. The property is described in the appraisement as "The east half of lot six (6) in block one hundred and ninety-six and one-half (196½) in the city of Omaha, as surveyed, and lithographed." This description was sufficient to show that the appraised premises were situate in Douglas county, this state, since our courts will take judicial notice of the fact that the city of Omaha is situate in the county of Douglas. The order is

AFFIRMED.