FRED OLSON, APPELLEE, V. MILO HANSEN, APPELLANT: LLOYD TEXLEY, APPELLEE.

FILED FEBRUARY 10, 1932.   No. 28125.

*Frederick M. Deutsch* and *H. E. Siman,* for appellant.

*Carl H. Peterson* and *Webb Rice, contra.*

Heard before GOSS, C. J., DEAN and PAINE, JJ., and BROADY and RHOADES, District Judges.

GOSS, C. J.

Plaintiff had judgment against defendants for injuries received when the automobile of defendant Texley collided with plaintiff's team and mower on which he was riding along a public highway. Defendant Hansen appealed.

There was evidence from which the jury might find as follows: Late in the forenoon of September 29, 1930, plaintiff was driving south on the right side of the road ascending a small hill or knoll. Hansen and Texley in the order named were driving their separate cars north. Hansen recognized plaintiff and suddenly either stopped his car or had it nearly stopped to visit with plaintiff when the collision occurred. Texley had followed Hansen's car about a mile and had come up to a position near it some time before the collision. He was driving 30 to 35 miles an hour. The road, which was of dirt, had been newly graded a few days before. Hansen's car was 35 to 45 feet ahead of Texley, about at the top of the hill or knoll,

and commencing to go down, when Texley saw Hansen was slackening his speed or about to stop, as indicated by his red stoplight. Texley undertook to go around Hansen. Some part of the right side of Texley's car struck the left rear of Hansen's car, and then Texley's car struck the mower, throwing plaintiff into the ditch west of the road, breaking plaintiff's leg and otherwise injuring him. There was evidence from which the jury might find that Hansen had stopped or was just stopping his car so that its left side was west of the middle of the highway and that there was not sufficient room between Hansen's car and plaintiff's rig for Texley to pass.

Briefly stated, the petition charged concurrent negligence of defendants, in that Hansen brought his car to a sudden stop in such a position as to block the highway instead of pulling over to the right of the road, and that Texley failed to have his automobile under control, operated it at a greater speed than was proper in the circumstances, and negligently attempted to pass Hansen's car while so approaching plaintiff's team and mower.

The assignments of error that the judgment against Hansen is not sustained by the evidence and that the court should have sustained his motion for a directed verdict raise the question as to whether a case of concurrent negligence of Hansen and Texley was made out. "An act wrongfully done by the joint agency or cooperation of several persons, or done contemporaneously by them without concert, renders them liable jointly and severally." *Schweppe v. Uhl*, 97 Neb. 328. "If one suffers injury and damage as the proximate result of the negligence of two others, and the damage would not have occurred but for the negligence of each of such parties, both are liable to the person so injured." *Koehn v. City of Hastings*, 114 Neb. 106. Both of the above cited cases arose out of the use of automobiles resulting in personal injuries. In the first case the operators of seven cars in an advertising procession were sued and held in damages for causing horses of the plaintiff to be frightened as the cars passed plaintiff

driving his team on the highway. In the second case only the city, as owner of an automobile improperly parked, was sued, though the evidence indicated concurrent negligence of the driver of a taxicab in which plaintiff's decedent was riding. The rule is stated, and cases are cited, in 2 Blashfield, Cyclopedia of Automobile Law, p. 1493, sec. 5, as follows: "When the negligence of any person concurs with that of another to constitute the proximate cause of an injury, they may be held either jointly or severally, and either is chargeable as if solely responsible for such cause, this being true, though the acts of negligence are independent of each other, and the comparative culpability of the two will not affect the joint and several liabilities of either." The same rule is followed in *McDonald v. Robinson,* 207 Ia. 1293, 62 A. L. R. 1419, where, beginning on page 1425, is a valuable annotation as to concurring negligence of drivers of automobiles and as to their liability to third persons.

While there is some conflict in the evidence, it amply supports a verdict and judgment against both defendants because of the concurrence of their negligent acts as the proximate cause of plaintiff's injuries. The judgment must be affirmed unless otherwise required by errors assigned.

Hansen assigns error because the court did not instruct the jury on the question of the contributory negligence of plaintiff. We do not find, nor does Hansen point out, any competent evidence of any negligence of plaintiff, who, with his team and mower, occupied only his own side of the road. It is suggested by appellant, in arguing this assignment, that plaintiff should have avoided the danger by pulling his team and rig over to the right on the shoulder of the road when he saw the coming Texley car. At that instant events happened quickly. Hansen suddenly slowed his car to stop. Then Texley swerved left to pass Hansen. In the circumstances there was no error in refusing to predicate contributory negligence upon plaintiff's failure to get a team of mules drawing a mower uphill at the rate of three miles an hour out of the way of Texley

going ten times as fast. It is the rule that, "where contributory negligence is pleaded as a defense, but there is no evidence to support such defense, it is error to submit such issue to the jury." *Koehn v. City of Hastings,* 114 Neb. 106.

The court gave to the jury six instructions out of twelve requested by appellant and gave twenty instructions on the court's own motion. In one of the latter he told the jury they were all instructions of the court and they should give to those requested the same consideration as the others. The instructions necessary for the guidance of the jury were given. Error is severally assigned because of the court's refusal of six of the instructions requested. To discuss them fully would unduly extend this opinion. We have considered them. They were either covered in the instructions given or contained matter prejudicial to the legal rights of one or the other parties to the suit.

At the conclusion of the testimony of witnesses on behalf of plaintiff, the court permitted plaintiff to rest as against defendant Texley, but to reserve his rest against defendant Hansen until Texley was examined by his separate counsel. Hansen's objection to this procedure was overruled. Thereupon Texley was examined by his counsel, was cross-examined by both other parties, and plaintiff rested generally. Under the statute and the state of the pleadings it was the duty of plaintiff to produce his evidence first. Comp. St. 1929, sec. 20-1107. Conventionally he should then rest his case. The reasons given the court on behalf of plaintiff when the court granted the request to reserve the rest against Hansen included one to the effect that it was because of things said by counsel for Hansen and by counsel for Texley, respectively, in the opening "statement of his counsel to the jury." Those statements were not preserved in the bill of exceptions and so we do not know in its entirety what influenced the court in exercising a discretion to grant the request. Jones, Commentaries on Evidence (2d ed.) sec. 2502, says: "The trial court is, of necessity, invested with a wide dis-

cretion in regard to ordering or permitting an alteration of the ordinary rules of practice and procedure at trials and the time and order in which evidence shall be introduced." And section 2510: "The rulings of the trial judge upon these matters are not, as a rule, reversible for error." While, generally, one who produces a witness impliedly recommends him as worthy of belief (*Nathan v. Sands*, 52 Neb. 660) yet a perusal of the testimony of defendant Texley, whose testimony was produced by himself rather than by plaintiff, does not convince us that his codefendant Hansen has been prejudiced because plaintiff did not produce the particular witness. The evidence on behalf of each defendant seemed to be calculated to cast the liability on the other rather than to defeat the plaintiff's recovery from the other. Moreover, the mandate of section 20-853, Comp. St. 1929, requires us to disregard any error in the proceedings which does not affect the substantial rights of the adverse party. So, while not commending the practice followed by the trial court, we find it was not such a prejudicial use of the court's discretion as to warrant a reversal of the judgment.

We find no error in the court's refusal to grant a mistrial arising out of or connected with the alleged misconduct of a juror; nor do we find prejudicial error in the conduct of counsel for plaintiff in the argument to the jury.

Error is charged in relation to the matter of insurance. During the trial Leo Blank, who was riding with Texley when the accident occurred, and who was a witness for Texley, testified he had gone to a farmhouse to call a doctor and then followed the others who had taken Olson home; that, while he, Hansen and Texley were standing outside waiting for the doctor to come, Hansen said it was his fault, that he had stopped in the middle of the road, and that Mr. Texley had nothing to worry about because he had the insurance company's car, which was covered by insurance, and he also had insurance on it. Hansen himself testified that his defense was made for him by an insurance company and that he was a field

representative of the general agency that has the particular indemnity company. During the argument to the jury some heat developed over statements by counsel for all three parties respecting the subject of insurance. The court ruled that arguments must be confined to the evidence and proper deductions therefrom. From the meager record of the argument, we do not discover that there was misconduct in this matter in view of the testimony to which we have referred above. However, the court gave the jury a written instruction to decide the case solely on its merits under the law, without reference to the question of whether or not there were insurance interests involved, which, he said, had nothing whatever to do as to who, if any one, was at fault in the matter. There was no prejudicial error as to insurance.

The verdict and judgment for $10,000 are attacked as excessive. Plaintiff, 43 years of age at the time of the trial, was living on a rented farm. Before the injury he had been well and strong. His patent personal injuries consisted of two oblique fractures of his right leg, one near the ankle and another below the knee, and of a bruising and numbness of his right arm. His back was sprained, and at the time of the trial—nearly nine months after the accident—he testified it had been hurting him ever since. He also testified that, while he was not so troubled before the injury, yet afterwards he has had to arise from two to four times during the night to relieve his bladder, and that from a sound sleeper the pain in his leg has caused him to be a poor sleeper. There was a good union of the bones. His appetite was subnormal and his weight had been reduced from 160 to 137 pounds. His right leg was shortened one-fourth or three-fourths of an inch, depending on the testimony of two doctors who measured it. He was totally disabled 137 days. His ability to work was still considerably impaired at the time of the trial. Without giving the details, it is sufficient to say that his expenditures and obligations for surgical and hospital services and the injury to his team and mower, for which he

also sued, amounted to considerably less than $1,000. The verdict was admittedly large for the damage resulting from the fractures and the property loss. If that reflected all of plaintiff's damage we might feel disposed to order a remittitur. But in view of the state of the evidence as to his loss of weight, his lessened power to sleep and to work, and his bladder trouble, we are not disposed to disturb the judgment of the court, where the trial judge had an opportunity to observe the plaintiff.

The judgment of the district court is

AFFIRMED.