FEDERAL LAND BANK OF OMAHA, APPELLEE, V. PETER P. RADKE: TRACY T. FROST, APPELLANT.

FILED MARCH 25, 1932. No. 28238.

*Charles Dobry*, for appellant.

*E. F. Dougherty, J. M. Gurnett* and *H. M. Johnsen*, contra.

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

DAY, J.

This is an appeal from an order of confirmation in a foreclosure proceeding. The record discloses that a decree of foreclosure was rendered on January 11, 1930, whereupon defendant took a nine months' stay. Sale was held on November 17, 1930, at which sale plaintiff purchased the property for $3,723.88. Defendant filed objections to confirmation on November 24, 1930, and upon hearing the sale was set aside. A second sale was held on June 2, 1931, and plaintiff again purchased the land in question for the amount of its indebtedness, which was now $3,896.87. Objections to confirmation were again filed by defendant upon the same grounds as those relied upon in the first sale, namely, that the said real estate was reasonably of the value of $6,000. The same trial judge who had set aside the first sale refused, on September 7, 1931, to disturb the second, holding that "the property sold for its fair cash market value under the circumstances and conditions of said sale and that a subsequent sale would not realize a greater amount." It will be noted that defendant has made no payment to plaintiff either of taxes, or of the semiannual amortization instalments and interest due upon the loan, and has been in possession after default, since January 11, 1930.

Defendant relies for reversal upon the following assignments of error: (1) The court erred in admitting the testimony of A. W. Reinss; and (2) the land did not .sell for its fair value under the circumstances and conditions of the sale. These will be discussed in order. Plaintiff introduced but one witness, one A. W. Reinss, who testified that he had been over the land in question, that he owned land in the vicinity, that little land had been sold anywhere in the vicinity, and; over defendant's objection that a proper foundation had not been laid, stated that in his opinion the fair value of the land was not more than $25 an acre. This court has held that "There are no restrictions upon the means by which the trial court may satisfy itself that a fair price was obtained at. a foreclosure sale or that a subsequent sale would not realize a greater amount." *Occidental Building & Loan Ass'n v. Beal, ante,* p. 40. See, also, *Lindberg v. Tolle,* 121 Neb. 25. Undoubtedly, in the instant case, the court considered the fact that there had been a previous sale, at which time the plaintiff had been forced to bid in the property at approximately the same price, that these proceedings had been pending for almost two years, during which time defendant had not been able to dispose of the land to some one who would assume the burden of the mortgage, and that the market for real estate had been slow and in decline since the time of the first sale of the property in dispute. There is no merit in defendant's first assignment of error.

Defendant relies upon the inadequacy of price, alleging that the land did not sell for its fair value. This court has repeatedly held: "A judicial sale of real estate will not be set aside on account of mere inadequacy of price, unless such inadequacy is so gross as to make it appear that it was the result of fraud or mistake." *First Nat. Bank v. Hunt,* 101 Neb. 743. See, also, *Lemere v. White, ante,* p. 676; *Metropolitan Life Ins. Co. v. Heany, ante,* p. 747; *Vought v. Foxworthy,* 38 Neb. 790; *Kearney Land & Investment Co. v. Aspinwall,* 45 Neb. 601; *Iowa*

*Loan & Trust Co. v. Stimpson,* 53 Neb. 536; *Green v. Paul,* 60 Neb. 7; *Jones v. Cleary,* 2 Neb. (Unof.) 541. Defendant offered the *ex parte* affidavits of a number of persons to the effect that the fair value of said land was a sum ranging from $40 to $50 an acre, and that on a resale of said property it would bring that price. No evidence is adduced as to who or what parties were ready, willing and able to make this offer, that one had been made, or would be made, or that any fraud or mistake appeared. The property in question here had been offered for sale twice, within a period of two years, bringing approximately the same price each time. The trial court did not err in refusing to set aside the second sale, and the judgment is affirmed, with leave to redeem before the mandate is issued.

AFFIRMED.