O. W. GROSC, APPELLANT, V. HENRY BREDTHAUER, APPELLEE.

284 N. W. 869

FILED MARCH 24, 1939. No. 30562.

*Votava, McGroarty & Sklenicka,* for appellant.

*Lanigan & Lanigan* and *Young & Williams, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

EBERLY, J.

This is an appeal from an order of the district court for Douglas county sustaining a special appearance of defendant challenging the jurisdiction of that court over his person, and the order of the court, on its own motion, dismissing the action of plaintiff.

The petition in the instant case, in apt language, set forth and charged the commission of a tort by defendant, by alleging, with necessary particularity, that plaintiff's car "on or about the, 8th day of May, 1935, at about the hour of 2:30 p. m.," while being driven west on highway 30 S at a point about one and one-half miles east of Waterloo, Nebraska, was negligently struck and damaged by a truck then owned by defendant, and then operated for and under his control; and also then and there and thereby physical injuries were inflicted upon plaintiff, as in the petition set forth, whereby he was damaged in the sums alleged therein, and which pleading contained an appro-

priate prayer. Upon the filing of said petition in the district court for Douglas county on July 6, 1938, a summons was issued, directed to the sheriff of Greeley county, Nebraska, and in said county of Greeley, by that officer, served upon defendant. The defendant was a *bona fide* resident of Greeley county, and the service was thus made in the county of his residence.

The controlling question is determined, under the facts disclosed by the record, by the proper construction and application of section 20-409, Comp. St. 1929, as amended in 1937. The legislature of that year enacted chapter 44, Laws 1937, without an emergency clause, which was duly approved March 27, 1937. It was entitled, "An act to amend sections 20-406 and 20-409, Compiled Statutes of Nebraska, 1929, relating to venue of civil actions; to provide where actions for tort may be brought; and to repeal said original sections." As indicated by the quoted title, the act contained two sections, viz.: Section 1 relating to section 20-406, Comp. St. 1929, which was considered by this court in *Schwarting v. Ogram*, 123 Neb. 76, 242 N. W. 273, 81 A. L. R. 769, and, as a venue prescribing statute, duly sustained. Section 2 of this act, is as follows: *"Except as may be otherwise more specifically provided by law, every action for tort brought against a resident or residents of this state must be brought in the county where the cause of action arose, or in the county where the defendant, or some one of the defendants, resides, or in the county where the plaintiff resides and the defendant, or some one of the defendants, may be summoned.* Every other action must be brought in the county in which the defendant, or some one of the defendants, resides or may be summoned." (Italics supplied.)

The italics supplied indicate the additions made by this act of 1937. The unitalicized portion indicates the section as it was prior to amendment. The clear language of the statute as amended is that a tort action "against a resident or residents of this state" must be brought, (1) in the county where the cause of action arose, or, (2) in the

county where the defendant, or some one of the defendants, resides, or, (3) in the county where the plaintiff resides and the defendant or some one of the defendants may be summoned.

No constitutional questions are presented by the record.

We are limited to the single question of the proper construction of the legislative language employed.

The petition alleging that the accident took place one and one-half miles east of Waterloo, Nebraska, this court will take judicial notice of the fact that Waterloo is situated within Douglas county, and that the place of collision was within the boundaries of that county. *Green v. Paul*, 60 Neb. 7, 82 N. W. 98.

It is obvious, therefore, that the "cause of action" in the instant case arose in Douglas county, and that the terms of the amended statute quoted expressly fixed that county as a proper place of trial of that action. We are committed to the rule, viz.: "The section of an act properly amended should be construed precisely as though it had been originally enacted in its amended form." *State v. Hevelone*, 92 Neb. 748, 139 N. W. 636.

So construing section 20-409, Comp. St. 1929, as amended, with section 20-504, Comp. St. 1929, which provides, "When the action is rightly brought in any county, according to the provisions of this Code a summons shall be issued to any other county, against any one or more of the defendants at the plaintiff's request," it is clear that the instant action was properly commenced, i.e., rightly brought, in Douglas county, and the issuance of the summons for defendant in Greeley county and its service therein was strictly within, and authorized by, the statutory provisions above quoted. This conclusion is supported by the principles announced in the following cases, viz.: *Carter v. Bankers Life Ins. Co.*, 83 Neb. 810, 120 N. W. 455; *Nebraska Mutual Hail Ins. Co. v. Meyers*, 66 Neb. 657, 92 N. W. 572; *Vennum v. Huston*, 38 Neb. 293, 56 N. W. 970; *Insurance Co. v. McLimans & Coyle*, 28 Neb. 653, 44 N. W. 991; *Atchison, T. & S. F. Ry. Co. v. Drayton*, 292 Fed. 15.

The fact that the amendment of section 20-409 was enacted in 1937 does not prevent its application to a cause of action arising in 1935. It relates wholly to procedure, is remedial in its nature, is to be liberally construed, and is not restricted in its operation to causes of action thereafter arising.

The right of plaintiff to dismiss an action commenced by him in Greeley county, prior to the adoption of the amendment under consideration, may not be gainsaid. Comp. St. 1929, secs. 20-601, 20-602, and 20-603. Thereafter the proper forum for its determination was as specified by the laws existing at the time of its commencement, viz., July 6, 1938, and was in no manner limited by restriction of the laws of procedure existing at the time the cause of action arose, when such restriction had subsequently been repealed. *Lovelace v. Boatsman*, 113 Neb. 145, 202 N. W. 418; *Norris v. Tower*, 102 Neb. 434, 167 N. W. 728; *Houston & T. C. R. Co. v. Graves & Co.*, 50 Tex. 181; *In re Petition of Monaco*, 287 Ill. App. 540, 5 N. E. (2d) 755; *Kugel v. Telsey*, 250 App. Div. 638, 295 N. Y. Supp. 148; *Link v. Receivers of Seaboard Air Line Ry. Co.*, 73 Fed. (2d) 149.

It follows, therefore, that in its judgment sustaining the special appearance, the district court erred. This judgment, thus, is reversed and the cause remanded with directions to overrule the special appearance of defendant, and for further proceedings in harmony with this opinion.

REVERSED.