MIKE A. GERGEN, APPELLEE, v. THE WESTERN UNION LIFE
INSURANCE COMPANY, A CORPORATION, APPELLEE,
IMPLEADED WITH WALTER H. JURGENSEN, APPELLANT.

30 N. W. 2d 558

Filed January 16, 1948.    No. 32299.

*F. C. Radke,* for appellant.

*Max Kier,* for appellee Gergen.

Heard before SIMMONS, C. J., PAINE, MESSMORE,
YEAGER, CHAPPELL, and WENKE, JJ., and LANDIS, District
Judge.

CHAPPELL, J.

Plaintiff filed motion with supporting affidavit, pray-
ing revivor of a judgment entered in the district court
for Lancaster County against defendant Walter H.

Jurgensen, on February 25, 1939, for $3,320.58, with interest at six percent from that date. The trial court entered conditional order of revivor, ordering the judgment revived unless cause was shown by defendant on or before 9 o'clock a. m., September 17, 1945. The order was duly served upon defendant, who filed objections claiming substantially that the judgment was void for want of jurisdiction over his person. After hearing upon the merits, the trial court entered an order overruling defendant's objections, and reviving the judgment. Defendant's motion for new trial was overruled, and he appealed to this court, assigning as error in substance that the order of revivor was not sustained by the evidence and was contrary to law.

The salient facts are not in dispute. The record discloses that on July 18, 1938, plaintiff filed his original petition and praecipe for service on defendant, The Western Union Life Insurance Company, a corporation, in Lancaster County, and upon defendant, Walter H. Jurgensen, in Douglas County. Separate summons issued, designating August 22, 1938, as answer day. One summons was duly served on The Western Union Life Insurance Company July 18, 1938, in Lancaster County. The other was personally served on defendant Walter H. Jurgensen July 25, 1938, in Douglas County, the county of his residence.

Thereafter, he never made any appearance whatever in the case and never attacked the judgment involved in any manner until after plaintiff's application for revivor was filed. Hereafter, for convenience, The Western Union Life Insurance Company will be referred to as the insurance company, and Walter H. Jurgensen as defendant.

On September 10, 1938, plaintiff filed an amended petition making more definite and certain facts theretofore pleaded in his original petition, and including therein additional related facts which supported but did not in any manner either change plaintiff's cause of

action or the relief sought by him. The record does not affirmatively disclose that defendant did not have notice of the filing thereof, as would ordinarily be required. However, under the circumstances presented, that fact, if true, would be of no consequence.

The gravamen of plaintiff's cause of action, as disclosed by both his petition and amended petition, was in substance to wit: That the insurance company, a domestic life insurance corporation, authorized to engage in business in this state with its principal place of business in Lincoln, Lancaster County, together with certain of its officers, of whom defendant Walter H. Jurgensen was one, entered into a scheme, combination, or conspiracy to cheat and defraud plaintiff out of a certain promissory note for $6,000, secured by a first real estate mortgage on described lands in Fillmore County. That defendants, by divers and sundry-described false and fraudulent representations, promises, and acts, believed and relied upon by plaintiff, did cheat and defraud him out of the possession and ownership of said note and mortgage, secretly and fraudulently collected and appropriated the proceeds therefrom, and unlawfully and fraudulently converted the same to their own use and profit, for the benefit of the insurance company, which still wrongfully retained the same, by reason of which defendants jointly and severally defrauded plaintiff out of securities of the value of $6,000 with interest at six percent from January 4, 1934. Wherefore, plaintiff prayed judgment against defendants, and each of them, for the sum of $7,627.50, with interest at six percent from date of filing his petition, together with costs.

On September 26, 1938, by stipulation in writing between plaintiff and the insurance company, the action was dismissed with prejudice as against it. However, plaintiff therein specifically reserved all his rights and claims against defendant.

On February 25, 1939, the cause came on for hearing

upon the merits, whereat evidence was adduced and the trial court entered its judgment. It is recited therein, after finding that due and legal service of process had been had upon all defendants and that the action had been dismissed as against the insurance company, that defendant's default was entered. The court further found that the allegations of plaintiff's amended petition were true and adjudged that, after allowing defendant all credits to which he was entitled, plaintiff should have and recover of and from defendant the sum of $3,320.58, with interest at six percent from that date, together with costs.

It is well established in this jurisdiction that: "The only defenses available against an application to revive are that there is no judgment to revive or that the purported judgment is absolutely void, and that the judgment was paid or otherwise discharged." Baker Steel & Machinery Co. v. Ferguson, 137 Neb. 578, 290 N. W. 449, 131 A. L. R. 798. Defendant did not contend that the judgment here involved had ever been paid or discharged.

Defendant contended that the judgment was void because it was entered in conformity with plaintiff's amended petition filed after answer day, of which defendant had no notice. We conclude that under the circumstances, defendant's contention has no merit.

In that regard, defendant relied upon section 25-849, R. S. 1943. However, that section must be construed in the light of sections 25-852 and 25-853, R. S. 1943. Among other things, those sections respectively permit the amendment of pleadings either before or after judgment "when the amendment does not change substantially the claim or defense," direct the court at every stage of an action to "disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party," and provide that "no judgment shall be reversed or affected by reason of such error or defect."

It has been held by this court that: "An amendment to a pleading may be made, which does not change the issues, nor affect the quantum of proof as to a material fact, at any stage of the proceeding." Robinson Outdoor Advertising Co. v. Wendelin Baking Co., 145 Neb. 112, 15 N. W. 2d 388.

In Lincoln Joint Stock Land Bank v. Barnes, 143 Neb. 58, 8 N. W. 2d 545, it was held that: "So long as the court can see that the identity of the cause of action is preserved, the particular allegations of the petition may be changed and others added in order to cure imperfections and mistakes in the manner of stating the plaintiff's case."

" 'By the phrase "cause of action," (as above used) * * * is meant, not the formal statement of facts set forth in the petition, but the subject-matter upon which the plaintiff grounds his right of recovery.' " Zelen v. Domestic Industries, 131 Neb. 123, 267 N. W. 352.

In Henkel v. Boudreau, 88 Neb. 784, 130 N. W. 753, it was held: "One of the principal defendants duly served with summons made default, filing no answer or other pleading. The cause was tried on an amended petition filed after answer day. (No notice of the filing thereof was given such defendant.) Subsequently a default was entered against the unanswering defendant. The original petition is not presented in the transcript, and the record does not show any change in the averments which could affect the rights or liability of the defaulting defendant. All presumptions being in favor of the regularity of the proceedings in the trial court, and no error being made to appear, the action of that court in entering the default cannot be reviewed."

It will be observed in the case at bar that both plaintiff's original petition and his amended petition are a part of the bill of exceptions. They affirmatively disclose no substantial change in the claims of plaintiff and no change whatever in his prayers for relief against defendant.

In Schultz v. Loomis, 40 Neb. 152, 58 N. W. 693, it was held: "An amended petition, filed after an answer was due from defendants, who had made no appearance and who never had notice of the filing of such amended petition, formed no basis for a valid judgment or decree against said defendants. Under such circumstances a decree could only be entered conformably to the averments and prayer of the original petition."

In that case judgment was entered by the trial court on the amended petition, which sought a lesser form of relief than the original, yet this court reversed the cause and directed the trial court to enter a decree conformably with the prayer of the original petition.

By analogy, it would have been perfectly proper for the trial court to have entered the judgment here involved upon the averments and prayer of the original petition, without affecting defendant's rights in any manner. Since the cause of action and prayers for relief were the same in plaintiff's original petition and his amended petition, the substantial rights of defendant could not have been affected by the trial court's judgment reciting that it was entered upon the amended petition.

In the light of the foregoing, we conclude that if a defaulting defendant has been served with process upon plaintiff's original petition, then failure to give notice to such defendant of an amendment thereto, or the filing of an amended petition after answer due, which did not change plaintiff's cause of action or enhance the relief sought by him, would not preclude the entry of a valid judgment thereon.

Defendant also contended that the judgment was void because he could be personally served in Douglas County, the county of his residence, only by reason of the existence of a joint cause of action and the establishment of a joint liability, and that plaintiff's dismissal of the insurance company out of the case thereby deprived the court of jurisdiction to enter the judgment.

It is elementary that plaintiff's cause of action was ex delicto, a tort, as distinguished from one ex contractu, the venue of which the opinions in Wistrom v. Forsling, 143 Neb. 294, 9 N. W. 2d 294, and 144 Neb. 638, 14 N. W. 2d 217, discussed and defined.

As applicable to the case at bar, section 25-409, R. S. 1943, provides: "Except as may be otherwise more specifically provided by law, every action for tort brought against a resident or residents of this state must be brought in the county where the cause of action arose, or in the county where the defendant, or some one of the defendants, resides, or in the county where the plaintiff resides and the defendant, or some one of the defendants, may be summoned. Every other action must be brought in the county in which the defendant, or some one of the defendants, resides or may be summoned." The plaintiff's action did not come within any exception otherwise specifically provided by law.

The above section was construed and applied to a tort action in Grosc v. Bredthauer, 136 Neb. 43, 284 N. W. 869, wherein it was specifically held: "Section 20-409, Comp. St. 1929, (now section 25-409, R. S. 1943) as amended by chapter 44, Laws of Nebraska for 1937, construed, and held, to authorize the commencement of a tort action in any court of competent jurisdiction in any county in this state wherein the cause of action arose, though neither plaintiff nor defendant were residents thereof; and also to authorize the issuance of process by such court for any defendant to the county of his residence in this state, and for the due service thereof upon him therein." That opinion is directly in point and has application in the case at bar.

The following applicable statement also appears in the opinion: "The fact that the amendment of section 20-409 (now section 25-409, R. S. 1943) was enacted in 1937 does not prevent its application to a cause of action arising in 1935. It relates wholly to procedure, is remedial in its nature, is to be liberally construed, and is

not restricted in its operation to causes of action thereafter arising."

It has long been the rule in this jurisdiction that: "An act wrongfully done by the joint agency or co-operation of several persons, or done contemporaneously by them without concert, renders them liable jointly and severally." Schweppe v. Uhl, 97 Neb. 328, 149 N. W. 789; Olson v. Hansen, 122 Neb. 492, 240 N. W. 551.

This court adheres to the rule that if a court is one competent to decide whether or not the facts in any given proceeding confer jurisdiction, decides that it has jurisdiction, then its judgments entered within the scope of the subject matter over which its authority extends in proceedings following the lawful allegation of circumstances requiring the exercise of its jurisdiction, are not subject to collateral attack but conclusive against all the world unless reversed on appeal or avoided for error or fraud in a direct proceeding. Brandeen v. Lau, 113 Neb. 34, 201 N. W. 665; County of Douglas v. Feenan, 146 Neb. 156, 18 N. W. 2d 740, 159 A. L. R. 569.

Plaintiff's cause of action, beyond per adventure of a doubt, arose in and the venue thereof was properly in Lancaster County, whether defendant was jointly liable with the insurance company or otherwise. If that be true, the district court was authorized to issue process for service upon defendant in Douglas County, the county of his residence, where, admittedly, he was personally served with summons in the action. Concededly, the trial court had jurisdiction of the subject matter, and, after hearing, on consideration of the pleadings, process, and evidence, found that it had jurisdiction and entered judgment against defendant, which was not subject to collateral attack as attempted in the proceedings at bar.

Other propositions of law were presented in briefs of counsel, but we deem it unnecessary to discuss them.

For the reasons heretofore stated, the judgment of the trial court should be and hereby is affirmed.

AFFIRMED.