On First Motion to Dismiss Appeal.
MONROE, C. J.
Defendant prosecutes this appeal from a judgment annulling an oil and gas lease, with a reservation to defendant of “the right of ingress and egress to and from the gas well drilled by it on plaintiff’s la2id, for the purpose of using or selling gas from the same, should it be so ordered in the future.”
[1] Plaintiff moves to dismiss the appeal on the ground that defendant has acquiesced in the judgment appealed from by demanding and collecting from “defendant [meaning plaintiffs] the price of gas used by plaintiff,” as authorized by said judgment, whereas, according to the lease, they were entitled to free gas. It is alleged that the Louisiana Gas Company is interposed, to act for defendant in the collection of the bills, and that it and defendant occupy the same office and use the same telephone. The motion presents an issue of fact which can better be inquired into in the district court.
It is therefore ordered that the case be remanded to the district court for the taking of testimony upon the issue whether or not the defendant (and appellant) has acquiesced in the judgment appealed from'.
On Second Motion to Dismiss.
DAWKINS, J.
We remanded this case for the purpose of taking testimony upon the charge made in the motion to dismiss that defendant had acquiesced in the judgment of the lower court. This has been done, and the case is again before us on the motion.
This evidence shows that there are three corporations, known as the Atlas Oil Company, the Louisiana Gas & Fuel Company, and the Louisiana Gas Company, all owned and controlled by the same individuals, and while the lease which was annulled by the judgment of the lower court provides that plaintiffs shall have gas for domestic purposes and to operate two gins “free of cost, provided gas be found in sufficient quantities,” since February, 1920 (the judgment below having bee2i rendered and signed on the 5th of June, 1918), the Louisiana Gas Company has been demanding, and collecting pay for the gas so used by plaintiffs. In fact, in tbeir brief filed in this court since the evidence was taken and the record returned to us, counsel for the defendant say :
“In order to understand the motion it will be necessary to examine the mineral lease in question, particularly' that portion of it which gives to the plaintiffs the right to use gas off of the leased premises in supplying their' residence and two gins. The lease so provides in section 10, and the plaintiffs have been accepting free gas from the lease for their residence and gins, as shown by the testimony, up until February, 1920, when the Louisiana Gas Company presented a bill for the gas used, and has since that time collected from the plaintiffs the monthly gas bills up to and including the month of June, 1920.
*543 “The Atlas Oil Company, the defendant, transferred the lease in question to the Louisiana Gas & Fuel Company in January, 1917. The Louisiana Gas & Fuel Company owns all the stock in the Louisiana Gas Company. While the three corporations are separate and distinct, they are owned and controlled by the same individuals and occupy the same offices and have the same general manager.”
In these circumstances, we cannot agree with the counsel for defendant that the mere technical distinction of separate corporate entities can relieve one of them from the effect of acts done through a common management in which all have apparently and for all reasonable purposes, if not technically, acquiesced and consented. Our view is that what was done was, for the purposes of this case, as much the action of defendant as that of the Louisiana Gas Company. .
However, the judgment of the lower court is silent on the question as to whether or not the defendant shall continue to furnish gas free to the plaintiffs, although it gives defendant the right to continue to use and sell the gas from the well which was bored, with the rights of ingress and egress for that purpose. In view of the language of the section of the lease which obligates defendant to furnish this free gas, it is questionable as to whether defendant would not have, under that judgment, to continue to furnish the gas free, and, if it would, then the refusal to do so would not be in compliance with the judgment, but contrary thereto. The prayer of the petition is that the lease be annulled except as to the one well already drilled, which the judgment did. The question then would be, as to the well already drilled, should they continue to furnish free gas? The determination of this issue, however, we prefer to postpone until the case is decided on the merits.
There is also much force in the contention of defendant that, having sued for the annulment of the lease (if the defendant did not have to furnish free gas from the well which plaintiffs prayed be reserved to it), plaintiffs were not in a position to exact a continuance of performance by defendant, i. e., the furnishing of free gas, and that it might refuse to do so until all the issues were determined by the courts. Leonard v. Busch-Everett Co., 139 La. 1099, 72 South. 749.
For the reasons assigned, the motion to dismiss is denied.