**PAYNE et al. v. WALMSLEY.**

No. 5730.

Court of Appeal of Louisiana.
Second Circuit.

Dec. 9, 1938.

Breazeale & Sachse, of Baton Rouge, for appellants.

Lyons & Prentiss, of Shreveport, for appellee.

HAMITER, Judge.

Plaintiffs allege in their petition in this cause that they are entitled to the ownership of one-half of the interest claimed by defendant in and to certain recorded oil, gas and mineral leases affecting lands situated in Lincoln Parish, Louisiana. Judgment is requested by them recognizing and decreeing such ownership and ordering the conveyance and assignment by defendant of the alleged one-half interest. The suit was instituted in the district court of the parish in which the affected land lies, rather than in Orleans Parish, where defendant is domiciled.

Defendant excepted to the petition for the asserted reason that the court was without jurisdiction ratione personae and ratione materiae.

The exceptions were sustained and plaintiffs appealed.

Defendant's excepting to the petition on the above stated grounds was prompted by the ruling of the Supreme Court in the case of Gulf Refining Co. v. Glassell et al., 186 La. 190, 171 So. 846, 854. In his counsel's brief it is stated: "The reason that the court does not have jurisdiction over the person of the defendant in this case is because under the ruling in Gulf Refining Co. v. Glassell, 186 La. 190, 171 So. 846, oil and gas leases are not real rights and hence the subject matter of the suit not being a real right the defendant must be sued at his domicile."

They further state that before such ruling, "an exception in this case ratione personae would have been overruled, because, prior to that decision, oil and gas leases were considered as real rights and the land is within the jurisdiction of this court."

It is our opinion that the above mentioned authority, the decision in which became final on December 21, 1936, is not now decisive of the jurisdictional question presented by the controversy, in view of the provisions of Act No. 205 of the Louisiana Legislature of 1938. This statute reads:

"An Act

"Defining oil, gas and other mineral leases, and contracts applying to and affecting the right to reduce oil, gas or other minerals to possession, to be real rights and incorporeal immovable property; providing that the rights, privileges and obligations created thereby and thereunder may be asserted, protected and defended according to the laws regulating immovable property or land, and repealing all conflicting laws.

"Section 1. Be it enacted by the Legislature of Louisiana, That oil, gas and other mineral leases, and contracts applying to and affecting such leases or the right to reduce oil, gas or other minerals to possession, together with the rights, privileges and obligations resulting or flowing therefrom, are hereby defined and classified as real rights and incorporeal immovable property, and may be asserted, protected and defended in the same manner as may be the ownership or possession of other immovable property by the holder of such rights, without the concurrence, joinder or consent of the landowner, and without impairment of rights of warranty, in any action or by any procedure available to the owner of immovable property or land.

"Section 2. That this Act shall apply to all such transactions whether entered into prior to the· passage of this Act or not.

"Section 3. That all laws or parts of laws in conflict herewith be, and the same are, hereby repealed."

As oil, gas and mineral leases, insofar as the instant matter is concerned, occupy the status of real property, defendant was properly cited within the jurisdiction where the affected land is situated. Code of Practice, article 163. There is here applicable the exception to the general rule which is stated in Code of Practice, article 162, that in civil matters "one must be sued before his own judge, that is to say, before the judge having jurisdiction over the place where he has his domicile or residence * * *."

■ Defendant's counsel call attention to the fact that the quoted statute was enacted subsequent to the filing and consideration of this case in the District Court, and urge that its provisions are not applicable. The right to be sued at one's domicile is termed by them a vested fundamental one. It appears to us that such is not a vested right, in the sense that it is substantive in nature, but is one that has been created by procedural or remedial enactments. And it is settled that "legislation which only changes a remedy and not a substantive right has a retroactive effect * * *." Dehan et al. v. Hotel and Restaurant Employees and Beverage Dispensers, Local Union No. 183 et al., La.App., 159 So. 637, 647. Furthermore, the act under consideration, by its own provisions, is declared to be retroactive.

■ The exception to the jurisdiction ratione materiæ is without merit. The subject and the amount of the suit come within the jurisdiction of the trial judge as fixed by the laws of this state.

Accordingly, the judgment appealed from is reversed and set aside, defendant's exceptions to the jurisdiction ratione personæ and ratione materiæ are overruled and the case is remanded to the district court to be proceeded with according to law. Costs of this appeal shall be paid by defendant, while all other costs shall abide the final determination of the case.