41 So.2d 846

**WIER v. GRUBB et al.**

No. 38714.

May 31, 1949.

Decree Amended June 30, 1949.

James G. Dubuisson and Edward Dubuisson, Opelousas, for plaintiff-appellant.

O'Niell & O'Niell, New Orleans, for defendants-appellees.

MOISE, Justice.

This is a suit to cancel a mineral sublease and for damages and attorney's fees.

The plaintiff bases his action on the alleged failure of the defendants to develop the leased tract, in accordance with the terms of the sublease granted by plaintiff to defendant Grubb. He prays for judgment in his favor and against defendants, jointly and in solido, for the forfeiture of the sublease as well as the cancellation of the sales and assignments thereof, for the surrender of the area which defendants have refused to develop (except as to the area of five acres around the lone producing well affected by said sublease), for $17,000 damages, and for $1,500 attorney's fees.

The defendants filed an exception of no right or cause of action. The district court

sustained the exception of no cause of action and dismissed plaintiff's suit. The plaintiff now prosecutes this appeal.

In April, 1940, the plaintiff leased from Mrs. Josephine Saizan Watkins four certain tracts of land, situated in St. Landry Parish, Louisiana. The tract containing 331.19 acres is the subject of this litigation. In October, 1940, petitioner subleased this acreage to defendant Grubb, reserving a ⅟₁₆th overriding royalty thereon. Grubb assigned a ¼th interest in the sublease to defendant Russell and a ⅜ths interest to the defendant Hawkins. The original lease contains the following development clause: "2. If as a result of Lessee's operations hereunder oil or gas shall be discovered in paying quantities, then and in that event, after the expiration of the primary term thereof, Lessee shall and he hereby obligates himself and his assigns to prosecute diligently the development of the leased premises for the production therefrom of oil, and gas to a fair and reasonable extent, or in the alternative to release such portions of the leased area as lessee may be unwilling to develop."

Article X of the petition also contains the development clause for sublessee: "Assignee shall have the right to hold said lease without any obligation until January 10th, 1941. In the event the Assignee decides to hold this lease beyond January 10th, 1941, said Assignee shall on or before said date notify Assignor H. J. Wier of his intention to drill a well on said tract of land, said notice to be forwarded by registered mail to H. J. Wier at Opelousas, Louisiana, and Assignee shall thereafter commence operations for the drilling of said well not later than February 1, 1941, and shall thereafter prosecute the drilling of said well to completion, or abandonment, and shall develop the leased premises for oil and gas with reasonable diligence, subject to the terms of said lease."

It is alleged that four wells were drilled by the defendants on the area—three producers and one dry hole. The first well was drilled in June 1941, the second, in September 1941, the third, in June 1942, and the dry hole was drilled in November, 1944. In the latter part of 1942, when all the wells were producing, the allowable therefor totalled approximately 9,000 barrels per month. It is alleged that thereafter production steadily decreased and at the time of the filing of this suit the allowable for Well No. 2, which was the only producing well, was 80 barrels per day and that this production was "* * * negligible in comparison with what it was at its maximum and with its potentialities under diligent development". In 1944 after drilling the dry hole, the defendants made no effort to develop said tract and, although other wells were brought in on nearby property by other operators, in spite of repeated requests and written demands, the defendants have refused to develop the lands further by additional drilling.

The defendants argue that the only one who has a right to the cancellation of the sublease, if any, is the original lessor and land owner, Mrs. Watkins, because if plaintiff should prevail, the lease in its entirety would revert back to Mrs. Watkins. This contention has no merit. In Article XIV of the petition it is pleaded that plaintiff brought this suit by reason of the threat of Mrs. Watkins that if he did not comply with his diligent development provision, she would proceed to cancel her lease with him. It necessarily follows that plaintiff is complying with his obligation to Mrs. Watkins and by so doing is averting a suit for cancellation of his lease as well as one in damages; and furthermore, under the express provisions of Act 205 of 1938, a mineral lessee is granted the right to protect or defend his mineral lease without the concurrence, joinder, or consent of the landowner. The Act does not change or affect substantive rights but is remedial and procedural in character. Colgin v. Harris, D.C., 27 F. Supp. 798; Coastal Club v. Shell Oil Co., D.C., 45 F.Supp. 859; Payne v. Walmsley, La.App., 185 So. 88; Amerada Petroleum Corp. v. Reese, 195 La. 359, 196 So. 558. It follows that plaintiff has a cause of action to prosecute or defend and the courts are open to him for remedy or redress.

The defendants argue that having a producing well on the property, the diligent development clause has not been violated. This is untenable. This lease has

no clause to the effect that the bringing in of a well in paying quantities preserves the lease for the entire area. The development clause, after the discovery of oil and gas on the property, is in direct opposition to this contention because, if the lessees are unwilling to further develop, the petitioner prays for the releasing of that portion of land not in use.

The rationale of the reasoning for relief by petitioner is supported in the case of Kyle et al. v. Wadley et al., D.C., 24 F. Supp. 884, 887, by the statement that " * * * if the property has, as contended by defendants in their pleadings, been fully developed," there can be "no justification in permitting them to hold on to this large tract of land without further activity, and they should surrender it."

We find a similar view in Caldwell v. Alton Oil Co., 161 La. 139, 108 So. 314, 316: " * * * the position of the defendant is that, so long as it can derive a small profit from the well, it is under no obligation to develop further and can keep the plaintiff's land tied up under the lease. This position cannot be supported, either under the terms of the lease or under the law. Nor is such a position in keeping with just and fair dealing."

Likewise, in Hutchinson v. Atlas Oil Company, 148 La. 540, 87 So. 265, 270, it was held " * * * time and prompt development become of the essence of such contracts, once oil or gas has been found."

The defendants further argue that a sublessor cannot sue to set aside a sublease while continuing to collect royalties or rent from his sublessee, citing the case of Farrell v. Simms, 209 La. 1072, 26 So.2d 143. This case has no application to the instant one because the very first paragraph of the cited case states: "This is a concursus proceeding instituted to determine the rights of certain land owners in the royalties derived from a certain gas well."

 In Vol. 36, American Jurisprudence, under the title of "Mines and Minerals", Section 59, at page 321, we have the following statement: " * * * Where the rent reserved is a royalty, *the courts not only do not hesitate but* in fact seem to *look with favor upon provisions for forfeiture of the lease for nonexploitation.*" (Italics ours.)

For the reasons assigned, the judgment appealed from is annulled and set aside, the exception of no cause of action is overruled, and the case is now ordered remanded to the district court for further consideration, consistent with the views herein expressed. All costs are to await the final determination of this litigation.

O'NIELL, C. J., takes no part.

PER CURIAM.

In an application for rehearing, counsel for plaintiff directs our attention to the fact that we inadvertently failed to tax the costs of this appeal against defendant. Accordingly, our decree is amended to the extent that the costs of this appeal are to be paid by defendant. All other costs to await final disposition of the case.