PONDER, Justice.
The plaintiff has appealed from a judgment dismissing his petition for the interdiction of his brother, Ernest G. Toca.
*471 Ernest G. Toca attended school in Washington, D. C. for some three years, during which time he returned home on vacations. He was committed to a mental institution on June 27, 1930 by an order of the Supreme Court of the District of Columbia because he was found to be of unsound mind. Since that time he has been an inmate of the institution and a charge of that state. His father has died and his brother is now seeking to have him interdicted for the purpose of settling the succession and has asked for the appointment of a curator and under curator. An attorney at law was appointed to represent him and upon whom service was made. The lower court dismissed the petition on the ground that it had no jurisdiction over the person of Ernest G. Toca.
The proceedings were brought under the provisions of Act No. 321 of 1948, amending Article 391 of the Revised Civil Code. The pertinent provision of this amendment is as follows: “If the person sought to be interdicted, although domiciled in this state, shall be confined, because of his disease, in a public or private institution without the state, then the court on proper application may appoint an attorney at law to represent him, and on whom all service may be made; with respect to a person interdicted while so confined without the state, the provisions of article 423, 424 and 425 shall be inoperative during the period of such confinement.”
In the case of the Interdiction of Dumas, 32 La.Ann. 679, it was held that a suit for interdiction must be brought at the actual domicile, the domicilium habitationis, of the defendant and not at his merely legal or constructive domicile. It was pointed out that the provision of law requiring that every interdiction shall be pronounced by the competent judge of the domicile or residence of the person sought ■to be interdicted contemplates the place of abode of such person or where the body can be found and reached.
In the case of Hansell et al. v. Hansell, 44 La.Ann, 548, 10 So. 941, where a person had been confined in an asylum in Pennsylvania for three years, this court stated that his domicile was in the City of Philadelphia because he had been confined in the insane asylum in that city during that period of time. It is státed therein that the courts of this state had no jurisdiction over his person and could render no decree affecting his personal status and interdict him.
In the case of the Interdiction of Lepine, . 160 La. 953, 107 So. 708, it was held that ■the district court of a particular parish had jurisdiction of a suit to interdict a woman residing in that parish whose husband was domiciled elsewhere.
In the case of the Interdiction of Dumas, supra,. the court made this pertinent observation: “The reason of this is obvious, and it is this, that a personal view and in *473 spection of the person whose insanity is alleged is not only proper, but eminently necessary, when practicable, in order that upon the testimony of the witnesses, the report of the medical experts or other suitable evidence, the interrogation of the party, the judge may, at the very moment of the rendition of the judgment, have it in his power to see and decide for himself whether his decree will or not bear upon a person compos vel non. R.C.C. 417, 423-425.”
The provision of law relied on by the appellant cannot be extended to the extent that it would give a court of this state jurisdiction over a person who has been an inmate of an institution in another state under an order of court of that state over a period of nineteen years, and who has been during all that time a charge of that state. A reasonable and practical application must be given this statute and it should not be applied in a case involving these circumstances. It is true that the decisions referred to above were handed down prior to the enactment of the statute. However, we cannot believe that it was ever the intention of the law makers that this statute should apply to anyone except those temporarily absent from the state who are confined in such institutions.
For the reasons assigned, the judgment is affirmed at appellant’s cost.
HAMITER, J., dissented from the refusal to grant a rehearing.