108 So.2d 812 (1959)
Herbert J. BROWN, Jr., Plaintiff-Appellant,
v.
INDEMNITY INSURANCE CO. OF NORTH AMERICA et al., Defendants-Appellees.
No. 8954.
Court of Appeal of Louisiana, Second Circuit.
February 2, 1959.
*813 Mecom, Scott & Despot, Shreveport, for appellant.
Lunn, Irion, Switzer, Trichel & Johnson, Blanchard, Goldstein, Walker & O'Quin, Shreveport, for appellees.
AYRES, Judge.
This is an action for workmen's compensation. Plaintiff alleges that he received accidental injuries in East Baton Rouge Parish, Louisiana, while in the employ of Catalytic Construction Company, which injuries may have been aggravated during a subsequent period of employment with Cudd & Burpo Construction Company, in Monroe, Louisiana, and during a further subsequent period of employment in Plaquemines Parish, Louisiana, with Iberville Motors, Inc., on account of which he seeks to recover of the first of the aforesaid named employers and its compensation insurance carrier and, alternately, from the insurance carriers of the subsequent employers, workmen's compensation as for total and permanent disability, less compensation previously paid, plus penalties and attorney's fees from the insurers on account of their alleged arbitrary refusal to pay the benefits provided by the Workmen's Compensation Statute. LSA-R.S. 23:1021 et seq.
*814 The defendants, other than Liberty Mutual Insurance Company, filed and successfully urged in the trial court pleas to the jurisdiction of the court ratione personae and ratione materiae. From a judgment sustaining these pleas, plaintiff appealed.
The material facts, as alleged in plaintiff's petition, upon which these pleas are predicated, pertinent to the issues presented, may be briefly stated. Plaintiff, a resident of Caddo Parish, Louisiana, sustained accidental injuries September 7, 1957, and instituted this action August 28, 1958, in the court of his domicile to recover compensation allegedly due on account of the disabilities allegedly resulting from the injuries sustained in and/or aggravated by accidents occurring outside Caddo Parish, where this suit was instituted. Therefore, neither the employers nor their insurers are domiciled in or have a principal place of business in Caddo Parish, nor were plaintiff's injuries sustained in Caddo Parish.
Prior to the adoption of Act No. 414 of 1958, effective July 31, 1958, amending LSA-R.S. 23:1313, the venue of actions for workmen's compensation was at the domicile of the employer or in the parish where the accident occurred. By the adoption of the aforesaid amendment, an additional venue, that of the domicile of the plaintiff, was provided. The section of the Act referred to and as amended may be properly denominated a venue statute, which determines the place, that is, the parish or district, wherein a case may be tried. The question is whether such a statute, taking effect after the accrual of a cause of action but prior to the commencement of an action thereon, has application to such action instituted subsequent to the effective date of the statute.
Exceptors' contention is that the statute applies prospectively only and has no application to, and does not govern, causes of action arising before its passage, that is, that the provisions of the statute are only applicable to actions which are filed upon accidents occurring subsequent to its enactment. Notwithstanding the general rule that statutes are construed to operate prospectively only, in the absence of a clear legislative intent to the contrary, statutes relating only to remedies or modes of procedure are generally held to operate retrospectively unless such application would adversely affect substantive rights. 82 C.J.S. Statutes § 416, p. 992. And, in the absence of an intention to the contrary, a statute relating to jurisdiction or venue may be given a retrospective operation. 82 C.J.S. Statutes § 423, p. 1000. Statutes making changes in the remedy or procedure are always within the discretion of the law-making power and are valid so long as they do not deprive the accused of any substantial rights. Therefore, a person has no vested right in any particular remedy and cannot insist upon the application of any other than the existing rules of procedure, as, for instance, it was stated in 11 Am.Jur. 1186, "Constitutional Law", § 357:
"A state may abolish old remedies and substitute new, or may abolish even without substitution if a reasonable remedy remains, but it cannot deny a remedy entirely";
and it is further stated in § 361, p. 1189:
"In accordance with the general principle that the constitutional prohibition as to the passage of ex post facto laws does not prevent the legislature from making changes in procedure, it is well established that changes as to judicial tribunals generally are to be considered as relating to the remedy only. Therefore, without coming within the terms of this constitutional prohibition, a state may abolish old courts and create new ones, enlarge or diminish the powers of an existing court, create appellate jurisdiction where none existed before, transfer jurisdiction from one court or tribunal to another, make changes as to the number of judges who shall preside at a trial, make changes as to venue, *815 and, generally, effect any other changes in the modes of procedure * * *." (Emphasis supplied)
A retrospective or retroactive law is defined as one which takes away or impairs vested rights acquired under existing laws or creates a new obligation, imposes a new duty or attaches a new disability with respect to transactions or considerations already passed. 82 C.J.S. Statutes § 412, p. 980; 50 Am.Jur. 505, "Statutes", § 482.
In the aforesaid section of American Jurisprudence, this language is employed:
"* * * remedial statutes, or statutes relating to remedies or modes of procedure, which do not create new or take away vested rights, but only operate in furtherance of the remedy or confirmation of rights already existing, do not come within the legal conception of a retrospective law, or the general rule against the retrospective operation of statutes. To the contrary, statutes or amendments pertaining to procedure are generally held to operate restrospectively, where the statute or amendment does not contain language clearly showing a contrary intention. Indeed, in the absence of any savings clause, a new law changing a rule of practice is generally regarded as applicable to all cases then pending. A fortiori, a statute or amendment which furnishes a new remedy, but does not impair or affect any contractual obligations or disturb any vested rights, is applicable to proceedings begun after its passage, though relating to acts done previously thereto. Sometimes, the rule is stated in the form that, when a new statute deals with procedure only, prima facie, it applies to all actionsthose which have accrued or are pending and future actions."
In the case of Dowlen v. Fitch, 196 Tenn. 206, 264 S.W.2d 824, 826, 266 S.W.2d 357, 41 A.L.R.2d 791, an action for injuries sustained in an automobile accident was brought in the county where the accident occurred. The defendants were residents of another county of the state. The accident occurred before the effective date of a statute providing for such venue. It was there held that the defendants had no vested right in the venue provisions existing at the time the cause of action arose and that the amendment was applicable to actions brought after its effective date. There the court appropriately stated [196 Tenn. 206, 264 S.W.2d 826]:
"`The State has complete control over the remedies of its citizens in the Courts. It may give a new and additional remedy for a right already in existenceor may abolish old and substitute new remedies. It may modify an existing remedyor remove an impediment in the way of judicial proceedings. Thus it is said by this Court that retrospective laws may be made when they do not impair the obligation of contracts, or divest or impair vested rights; such as, laws providing new and additional remedies for a just right already in being, laws modifying or changing remedies, and all other strictly remedial laws; and there are many other laws that are retrospective according to the letter, yet not prohibited by the Bill of Rights'",
and held that a person has no vested right in any particular remedy, and, as to the amendment of the statute, it was said [196 Tenn. 206, 266 S.W.2d 358]:
"Its sole purpose and effect was to enlarge the remedy, and it is therefore prospective in that from the date of the enactment thereof persons having tort actions at that time or in the future could bring such actions in the county in which the cause of action arose."
In an annotation contained in 41 A.L.R. 2d 798, we find this statement:
"No cases prohibiting the retroactive application of venue statutes on constitutional grounds have been *816 found; that is so whether the statute was applied to a cause of action accrued prior to, but sued upon after, the effective date of the statute, or to an action pending in the trial court on the effective date of the statute."
Where a statute goes into effect after accrual of a cause of action but prior to the commencement of an action, its retroactive application has been held not to violate any vested right of the defendant. Goben v. Akin, 208 Iowa 1354, 227 N.W. 400; Bascom v. District Court of Cerro Gordo County, 231 Iowa 360, 1 N.W. 2d 220; State ex rel. Helmes v. District Court of Ramsey County, 206 Minn. 357, 287 N.W. 875; Shelby-Downard Asphalt Co. v. Enyart, 67 Okl. 237, 170 P. 708; Dowlen v. Fitch, supra. Nor does the application of such a venue statute violate the constitutional provisions against the enactment of retroactive laws. Central Georgia Power Co. v. Stubbs, 141 Ga. 172, 80 S.E. 636.
The aforesaid authorities also make it clear that where a venue statute is silent as to its retroactive operation, the statute is applicable to actions commenced after its effective date on causes of action accruing prior thereto. See also Grose v. Bredthauer, 136 Neb. 43, 284 N.W. 869; Gergen v. Western Union Life Ins. Co., 149 Neb. 203, 30 N.W.2d 558; Ward v. Swartz, 25 Ohio App. 175, 158 N.E. 318; Ball v. Presidio County, Tex.Civ.App., 27 S.W. 702.
In Payne v. Walmsley, La.App., 185 So. 88, plaintiff sought the cancellation of certain oil, gas and mineral leases affecting lands in Lincoln Parish, Louisiana. The defendants were residents of the Parish of Orleans. On their behalf exceptions to the jurisdiction of the court ratione personae and ratione materiae were filed and urged before the district court of Lincoln Parish. From a judgment sustaining these exceptions, the plaintiffs appealed. The exceptions were prompted by a ruling of the Supreme Court in Gulf Refining Co. of Louisiana v. Glassell, 186 La. 190, 171 So. 846, wherein it was held that oil and gas leases are not real rights. Hence, it was contended, as the subject-matter of the suit was not a real right but a personal right, the defendants must be sued at their domicile. However, by Act 205 of the Louisiana Legislature of 1938, LSA-R.S. 9:1105, oil, gas and mineral leases, and contracts applying to the same, were classified as real rights and incorporeal immovable property, the effect of which was to make applicable Code of Practice Art. 163 providing an exception in cases where real actions are involved to the general rule that one must be sued at his domicile. Defendant's counsel therein called attention that the enactment of the aforesaid statute was subsequent to the institution of the action in the district court and urged that the right to be sued at one's domicile was a vested fundamental right. In response, this court, in the Payne case [185 So. 89], stated:
"It appears to us that such is not a vested right, in the sense that it is substantive in nature, but is one that has been created by procedural or remedial enactments. And it is settled that `legislation which only changes a remedy and not a substantive right has a retroactive effect * * *.' Dehan v. Hotel and Restaurant Employees and Beverage Dispensers, Local Union No. 183, La.App., 159 So. 637, 647."
See also Wier v. Grubb, 215 La. 967, 41 So.2d 846; Nicholson v. Sellwood, La.App., 187 So. 837.
In the Wier case the Supreme Court construed the aforesaid Act as remedial and procedural in character, the effect of which, as held by this court in the Payne and Nicholson cases, was to effectuate a change of venue for the institution of actions in avoidance of mineral leases or contracts.
Exceptors' counsel point out, however, that the statute (Act 205 of 1938) was retroactive by its own language. The provision, however, added nothing to the force *817 or effectiveness of the Act itself inasmuch as, under the principles hereinabove detailed, the statute would have had retroactive operation in the absence of such a provision.
The principle that remedial statutes and those governing procedure apply to all actions brought subsequent to their promulgation is applied even in criminal cases. State v. Brossette, 163 La. 1035, 113 So. 366.
From these principles, it could only be concluded that the State, through its legislative branch of the government, has complete control over the remedies of its citizens in the courts. It may provide a new and additional remedy for a right already in existenceor it may abolish old and substitute new remedies. It may modify an existing remedy or remove an impediment in the way of judicial proceedings. Retrospective laws may be enacted when they do not impair the obligations of contracts or divest or impair vested rights, such as laws providing new and additional remedies for rights already in existence, laws modifying or changing remedies, and all other strictly remedial laws, or laws procedural in character. Consequently, defendants have no vested right in a remedy providing that certain actions must be brought at their domiciles or in the parishes where accidents occur. The additional provision that such actions may be instituted in the court of the domicile of the plaintiff creates no additional right nor does it affect, impair or destroy any substantial rights of the defendants.
Defendants complain that an adverse ruling will result in a hardship. With this reasoning we do not agree. The application of the Act to causes of action pending or in existence at the time of its passage will work no greater hardship than the application of the Act to causes of action arising subsequent to its passage. The Legislature evidently realized the wisdom and necessity of adding this additional venue. If it is wise and vital to apply it to future causes of action, it is equally wise and vital that it be applied to existing causes of action. If the Legislature had not intended that the statute apply to existing causes of action, it could have easily, and no doubt would have, said so.
The judgment appealed, is therefore, annulled, avoided, reversed and set aside, and the pleas to the jurisdiction of the court ratione personae and ratione materiae be, and they are hereby, overruled, and this cause is accordingly, remanded to the First Judicial District Court in and for Caddo Parish, Louisiana, for further proceedings in accordance with law and consistent with the views herein expressed.
Reversed and remanded.