LOTTINGER, Judge.
This is a suit to reduce the legacy under a last will and testament and have petitioners recognized as forced heirs of their maternal grandmother. The Lower Court awarded judgment in favor of petitioners and defendant has appealed.
The record discloses that Coralie Lewis and Paul Jean were legally married to each other during the year 1900. Prior to the said marriage, they had lived together for several years and had given birth to five children, namely, Asema Jean, Polite Jean, Rosamond Jean, Alexis Jean and Coralie Jean. Subsequent to their marriage in 1900, the said parties gave birth to Anthony Jean, who is the defendant in this proceeding.
The father of the children, Paul Jean, died on April 14th, 1930, and his succession was opened in the Parish of St. Martin, Louisiana. Two of his children, namely, Polite Jean and Rosamond Jean, had predeceased him, however, they each left children by their respective marriages. In the succession proceeding of Paul Jean, his four living children, as well as the children of his deceased children, were each sent into an undivided one-sixth (1/6) of his half interest in the community property which had been acquired during the marriage between the deceased and his wife, Coralie.
Coralie Lewis, the widow of Paul Jean, died on April 3rd, 1949. By last will and *173 testament, she left her entire estate to Anthony Jean, Alexis Jean and Coralie Jean. Their interest in the estate was renounced by Alexis and Coralie, and the entire estate of their mother was sent into the possession of Anthony Jean. At the time of the opening of the succession proceeding, the children of Asema Jean, now deceased, who are the petitioners herein, were all minors. They were not cited, nor were they represented in the said proceeding.
The record discloses that Asema Jean, who was a daughter born prior to the marriage of Coralie Lewis and Paul Jean, was legally married to Wilry Henry, of which marriage they had five children. Of the said five children, Vina Mae Henry, Mayóla Henry, Leroy Henry and Maizel Henry are petitioners herein, seeking to be sent into possession as forced heirs to a portion of the succession of their grandmother, Coralie Lewis. The other child, namely, John Henry, sold all of his right, title and interest in and unto the succession property to Anthony Jean by act of sale which is made a part of this proceeding. The four petitioners herein seek to be awarded judgment in their favor, recognizing them as forced heirs to an undivided four-fifths (J4) interest of a one-fourth (54) interest of a two-thirds (54) interest in and unto the community estate of their grandmother, Coralie Lewis. This interest is made up as follows: The four petitioners represent four of the five children of their mother, Asema Jean. Their mother was one of six children of Coralie Lewis, of which two of the said children renounced her succession, which renunciation went in favor of the four remaining children, or their representatives. As Coralie Lewis did leave a last will and testament, the portion which accrues to her forced heirs is an undivided two-thirds (54) interest in her estate. Therefore, petitioners seek four-fifths (J4) interest of the one-fourth (54) interest to which their mother was entitled of the two-thirds (54) interest forming the forced portion or legitime of the community estate of Coralie Lewis. As stated before, the other one-fifth (54) interest was sold by the brother of petitioners to Anthony Jean, the defendant herein.
The Lower Court rendered a judgment in favor of petitioners, as prayed for, and the defendant has taken this appeal.
In support of their contentions that they are forced heirs to the succession of Coralie Lewis, the petitioners cite Act No. 50 of the Louisiana Legislature of 1944 (LSA-Civil Code, Article 198), which provides as follows:
“Children born out of marriage, except those who are born from an incestuous or adulterous connection, are legitimated by the subsequent marriage of their father and mother, whenever the later have formally or informally acknowledged them for their children either before or after the marriage.”
By Act No. 482 of 1948 of the Louisiana Legislature this article was again amended by omitting therein the words “or adulterous”. It is their contention that their mother, Asema Jean, acquired the status of a legitimate child by the subsequent marriage of her mother and father, and the subsequent enactment of Act 50 of 1944. The petitioners further claim that the defendant is estopped from denying the legitimacy of their mother because in the succession of their father, defendant acknowledge the legitimacy of the six children born to Coralie Lewis and Paul Jean.
The defendant, on the other hand, claims that Act No. 50 of 1944 has no bearing upon the status of Asema Jean, firstly because the marriage of Coralie Lewis and Paul Jean was held prior to the enactment thereof, and further that Asema Jean died in August of 1937, which was also prior to the enactment of the said statute. He contends that the legal status of Asema Jean was fixed at her birth in 1896, at which time she had only been informally acknowledged by her parents. He claims that the only' way Asema Jean could be legitimate was by the *174 marriage of her mother and father subsequent to the enactment of Act No. 50 of 1944, his contention being based upon the premise that the said Act cannot have retrospective effect.
 We are unable to agree with the contentions made by the defendant. Article 198 of the Louisiana Civil Code, as amended by Act No. 50 of 1944, provides that children born out of marriage are legitimated by the subsequent marriage of their father and mother whenever they have been formally or informally acknowledged. The only two exceptions are children born from an incestuous or adulterous connection. Had the Legislature intended to restrict the Act only to children born subsequent thereto, or to children whose parents were married subsequent to the enactment thereof, such intention could have been easily included within the text of the Act itself. Furthermore, we do not believe that the judgment as rendered below could be considered as giving retrospective effect to the statute. In the proceeding entitled Brown v. Indemnity Insurance Company of North America, 108 So.2d 812, 815 the Second Circuit Court of Appeal defined a retrospective law as follows:
“A retrospective or retroactive law is defined as one which takes away or impairs vested rights acquired under existing laws or creates a new obligation, imposes a new duty or attaches a new disability with respect to transactions or considerations already passed. 82 C.J.S. Statutes § 412, p. 980; 50 Am.Jur. 505, ‘Statutes’, § 482.”
Now, no vested rights were had by any of the heirs to the succession of Coralie Lewis until the time of her death during the year 1949. Subsequent to the death of Coralie Lewis, it was encumbent upon her respective heirs to open her succession proceedings in order to prove their heirship. Her will was probated some five years after the passage of the 1944 Act, at which time the vested rights of her heirs or legatees were to be determined. Prior to the death of Coralie Lewis, none of the children had any vested rights in her succession. Certainly the execution of a will would not have given defendant any vested right in the property prior to the death of the testatrix.
Nor do we believe that the death of Asema Jean prior to the passage of the 1944 Act had any effect upon any subsequent rights to be acquired by her children through representation, particularly in view of Article 201 of the LSA-Civil Code, which provides:
“Legitimation may even be extended to deceased children who have left issue, and in that case it inures to the benefit of such issue.”
Act No. 50 of 1944 grants the status of legitimate children to certain illegitimates whose parents are married subsequent to the birth of their illegitimate children. The wording of said statute does not require that the effect thereof be limited to marriages celebrated subsequent to the passage of the Act, it only requires the subsequent marriage of the father and mother of the child concerned. Had the Legislature intended the Act to be restricted to the children of parties married subsequent to the enactment thereof, the Legislature would have so provided. No vested rights were taken away from the legitimate child, the defendant herein, as he had no vested rights until the death of his mother.
The evidence shows there was no impediment to the marriage of Paul Jean and Coralie Lewis at the birth of Asema Jean and that of their other children, born prior to their marriage in 1900; also that Asema and the other children were reared by Paul Jean and Coralie Lewis and continually held out to the public as their own children, both before their said marriage and after their said marriage for many years. Asema and the others were considered and treated in the same manner as was Anthony Jean, the only child born after the *175 marriage, and accordingly, they are entitled to the same rights as if they had been born during the marriage. Articles 198, 199, LSA-Civil Code.
In view of the foregoing, the question of estoppel will have no bearing upon the decision of this case.
We have been unable to find any error in the judgment of the Lower Court and for the reasons hereinabove assigned said judgment will be affirmed, all costs of this appeal to be paid by the defendant.
Judgment affirmed.