TATE, Judge.
This is an appeal by Dandy J. Mayeux, through an attorney, from a judgment of the Avoyelles Parish district court ordering his interdiction upon the petition of his wife, who was appointed his curatrix. The record shows without contradiction that the defendant is mentally incompetent and has been confined since 1955 in the United States Veterans Administration Hospital in Gulfport, Mississippi, because of a chronic mental illness.
The principal contention of this appeal is that the Avoyelles district court lacked jurisdiction over the defendant’s person, although he is legally domiciled and owns property in this Louisiana parish, because he had been confined out of the state in a Mississippi institution for ov.er five years prior to the filing of the present proceedings to interdict him.
In making this contention, appellant primarily relies on the decision in Interdiction of Toca, 217 La. 465, 46 So.2d 737, 738, in which our Supreme Court held that LSA-Civil Code Article 391 (which provides that “If the person sought to be interdicted, although domiciled in this state, shall be confined, because of his disease, in a public or private institution without the state, then the court on proper application may appoint an attorney at law to represent him, and on whom all service may be made * * * ”) was never intended by the legislature to “apply to anyone except those temporarily absent from the state who are confined in such institutions.” (Italics ours.) Since the defendant had been and will be (so far as the record shows) indefinitely confined in Mississippi, it is argued that the Avoyelles court cannot interdict this non-resident confined in an institution in another state.
Pretermitting the question of whether the cited case can be distinguished, we are of the opinion that it is no longer the law as of the time this appeal was heard in 1961. Article 4545 of the Louisiana Code of Civil Procedure provides: “If the defendant is domiciled in Louisiana but is receiving treatment outside of Louisiana for an alleged condition which would justify interdiction, regardless of the duration of his absence, the court, upon the filing of the original petition, shall appoint an attorney to represent him and all service shall be made upon such attorney.” (Italics ours.) The comments following this article specifically state that the intention of the redactors was to overrule the case of Interdiction of Toca, above-cited.
Able counsel for appellant points out, however, that the petition was filed and the judgment was signed in these interdiction proceedings in late 1960, before the effective date of the Louisiana Code of Civil Procedure, enacted by Act 15 of 1960, which specifically by Section 7 of said statute was not to become effective until January 1, 1961. It is therefore suggested that the trial court lacked jurisdiction of these interdiction proceedings and should have dismissed them upon the defendant’s exception at the time it was filed in 1960.
. We think this argument overlooks that by Act 15 of 1960 the new Code was declared to be remedial legislation and to affect pending litigation. Pertinently, as provided by Section 4 of this statute:
“(A) This act is hereby declared to be remedial legislation.
“(B) The provisions of the Louisiana Code of Civil Procedure enacted by Section 1 hereof, so far as applicable, shall govern and regulate the procedure in all civil actions and proceedings: * * *
*710 “(2) Pending on the effective date of this act, except that none of the provisions thereof shall: * * * (b) Affect the validity or change the legal effect of aiiy judicial, official, or procedural act done or attempted, or of any failure to act, prior to the effective date of this act * * (Italics ours.)
As we interpret these provisions, we must apply the provisions of the new Code of Civil Procedure to this presently pending litigation unless, pertinently, our action in doing so shall “affect the validity or change the legal effect of any judicial, * * * or procedural act done * * * prior to the effective date of this act”, January 1, 1961. By applying the provisions of the new Code to this pending litigation, we do not “change” or “affect the validity” of these interdiction proceedings filed in Avoyelles Parish and the resulting judgment in I960 therein; rather, we affirm and recognize their validity.
The apparent purpose of the quoted statutory provision is to avoid a circuity or multiplicity of action. If, for instance, we dismissed the present suit because the Avoyelles court lacked jurisdiction when the judgment was signed on December 9, 1960, the same proceedings could have been filed validly in Avoyelles Parish under the new Code on January 1, 1961. No prejudice is sustained by the appellant, but rather a needless expense to his estate is avoided, by applying the new Code retrospectively, as the legislature specifically provided that it should be. It is, of course, well settled that statutes relating to jurisdiction and venue, such as the above, may validly be given retrospective effect. Brown v. Indemnity Ins. Co., La.App. 2 Cir., 108 So.2d 812.
For these reasons we affirm the judgment and hold that the Avoyelles Parish district, court has jurisdiction of these interdiction proceedings.
We do not find merit in other contentions suggested by able counsel in the appellant’s brief.
 Although the present record represents very loose practice in several respects, the appellant concedes that the attorney appointed to represent the absent interdict actually notified the latter of the filing of the action and its nature, and we. do not understand appellant to contend that such curator was not notified of nor present at the hearing on the merits as a result of which the appellant was interdicted. And although defendant suggests that personal service is necessary in an interdiction proceeding, our legislature has provided for service upon a Louisiana absentee or mental incompetent through an attorney appointed by the court to represent him. LSA-Civil Code Articles 56, 391; LSA-R.S. 9:841, repealed by Act 31 of 1960, and replaced by Louisiana Code of Civil Procedure Article 5091. See also McMahon, “Jurisdiction Under the Louisiana Code of Civil Procedure”, 35 Tul.L.Rev. 501 (1961), 516-517. While appellant’s able counsel likewise suggests that the failure to convoke a family meeting pursuant to an earlier order invalidates the judgment of interdiction, it is provided by LSA-R.S. 9:602 that: “The judge shall act, without the convocation of a family meeting, in all matters pertaining to the appointment * * * of all * * * curators * * * for * * * interdicts.”
For the foregoing reasons, at the cost of the appellant, the trial court judgment is affirmed.