TATE, Judge.
The plaintiff appeals from the dismissal of this suit against a Texas partnership. The trial court sustained exceptions to the jurisdiction ratione personae and to the citation and service of process.
The plaintiff alleges that his home in Vermilion Parish was damaged on December 9, 1959 through geophysical operations carried on by the defendant (“Keystone”), a Texas partnership, all of whose partners are domiciled in Texas. The suit was filed in Lafayette Parish on November 22, 1960; the basis of this venue is the allegation that the defendant partnership maintained an office in such parish.
Prior to the enactment of the Code of Civil Procedure by Act 15 of 1960, which became effective on January 1, 1961, the proper venue for suits against a partnership was ordinarily “before the tribunal of the place where it is established, or if there are several establishments, before that of the place where the obligation was entered into.” Art. 165(2). In suits for damages, the partnership could also be sued “in the parish where such damage is done”. Art. 165(9). A partnership engaged in a commercial business could be sued “in all matters connected with said business in the parish where the business is carried on.” LSA-R.S. 13:3236 (before its repeal by Act 32 of 1960).
Although the new Code did not become effective until a few weeks after this suit was filed, this statutory enactment is remedial in nature and, with certain specified exceptions, applies retrospectively to litigation pending on the date it became effective. See Section 4, Act 15 of 1960; Interdiction of Mayeux, La.App. 3 Cir., 130 So.2d 708. Under the new Code, a suit against a domestic partnership may be brought in the parish of its “principal business establishment”. Art. 42(3). An action for the recovery of damages may be brought in “the parish where the wrongful conduct occur *69 red, or in the parish where the damages were sustained.” Art. 74. And an action against any partnership, foreign or domestic, may be brought in a parish where “a business office or establishment” of the partnership is located, insofar as matters “over which this office or establishment had supervision.” Art. 77.
The allegations of the petition show that the damage was caused and sustained in Vermilion Parish. The evidence taken on trial of the exceptions show that, at the date this damage was caused, the defendant Keystone maintained an office in Vermilion Parish, which Keystone closed when it completed its operations there in March of 1960. The evidence further shows that the defendant Keystone had maintained an office in Lafayette during this time in which employees regularly worked up; this office was closed in June of 1960, however, after which the defendant maintained a storeroom at the Lafayette Airport in which a telephone was located for the convenience of a Keystone employee on his visits to Lafayette two or three times a month.
We find it unnecessary to decide whether this Lafayette storeroom constituted an office or business establishment for purposes of venue. For, even conceding that it did, the record affords no basis for holding that Lafayette Parish was a proper venue for this suit against a Texas partnership for damages caused and sustained in Vermilion Parish. Insofar as shown by the record, the Vermilion Parish office had supervision over the operations resulting in this suit, and the damage caused was connected with the business carried on in Vermilion Parish.
Under either the prior legislation or the new Code, Lafayette Parish was not a proper venue for the present suit simply because the partnership maintained an office there, which office did not supervise the matters giving rise to the present litigation. The district court correctly sustained the exception to the improper venue.
We likewise agree that service of citation upon Melvin Fontenot on December 8, 1960 was not valid, since the uncontradicted evidence shows that Fontenot was not an “employee” of the partnership as statutorily required. See former LSA-R.S. 13:3471 and present LSA-C.C.P. Art. 1263. But it is unnecessary to discuss the facts surrounding this service of citation, or those surrounding the service in open court upon an employee of the partnership who came from Texas to Lafayette to testify upon the trial of the exception to the jurisdiction ratione personae, since we have found that the court properly sustained this latter exception and dismissed this suit as having been brought at an improper venue.
For the foregoing reasons, the judgment of the trial court dismissing this suit is affirmed at the plaintiff-appellant’s cost.
Affirmed.