SAVOY, Judge.
On August 4, 1960, plaintiffs instituted this suit in tort for damages for the death of their son resulting from an automobile accident which occurred in Lafayette Parish on August 9, 1959. The suit was filed in Acadia Parish against J. V. Cunningham, who was alleged to be a resident of Acadia Parish. Service of citation was never made on J. V. Cunningham. The sheriff made a return showing he had attempted to serve the defendant on August 8, 1960, but returned the petition and citation with the notation that defendant had moved to 408 East Orange Street, Angle-ton, Texas. A second attempt at service was made on July 7, 1961, and an identical return was filed by the sheriff.
A supplemental petition was filed May 7, 1962, wherein American General Insurance Company was alleged to be the liability insurer of J. V. Cunningham, and was made a party defendant.
In answer to plaintiffs’ suit against it, American General filed (1) an exception to the jurisdiction over the person of defendant, J. V. Cunningham; (2) an exception of improper venue; and (3) a plea of prescription.
In maintaining the exceptions and the plea, the district court found that J. V. Cunningham was not a resident of, or domiciled in Acadia Parish at the time suit was filed. Since the accident did not occur in Acadia Parish, there was no basis for jurisdiction, and the court held it was not a court of competent jurisdiction. Since there was no service of citation on J. V. Cunningham within one year from the date of the accident, the district court held that the filing of this suit did not interrupt prescription, and, therefore, more than a year had elapsed from the date of the accident and the action had prescribed.
Counsel for plaintiffs contend that the district court was in error in finding that J. V. Cunningham was not domiciled in Acadia Parish at the time suit was filed. It is plaintiffs’ position that J. V. Cunningham was domiciled in Acadia Parish at the time suit was filed, and that therefore, the suit was filed in a court of competent jurisdiction and interrupted prescription as to both J. V. Cunningham and the defendant, American General Insurance Company. The issue, therefore, as presented by the plaintiffs, is whether J. V. Cunningham was or was not domiciled in Acadia Parish at the time suit was filed.
Exceptor, American General Insurance Company, contends that when the instant suit was instituted against its insured, J. V. Cunningham, he was not domiciled in Louisiana, but, on the contrary, was domiciled in Texas; and consequently, the Acadia Parish Court was not a court of competent jurisdiction.
This suit was instituted prior to the adoption of the Louisiana Code of Civil Procedure, and the question of jurisdiction is governed by the Louisiana Code of Practice of 1870, but see Interdiction of Mayeux, (La.App., 3 Cir., 1961), 130 So.2d 708.
*626 Article 162 of the above-mentioned Louisiana Code of Practice states:
“It is a general rule in civil matters that one must be sued before his own judge, that is to say, before the judge having jurisdiction over the place where he has his domicil or residence, and shall not be permitted to elect any other domicil or residence for the purpose of being sued, but this rule is subject to those exceptions expressly provided for by law.”
LSA-R.S. 1:54 provides as follows:
“Residence once acquired shall not be forfeited by absence on business of the state or of the United States. Voluntary absence from the state of two years, or the acquisition of residence elsewhere, shall forfeit a residence within this state.” See also LSA-C.C. Art. 46.
For the purpose of the trial of the exceptions and plea, interrogatories were propounded to J. V. Cunningham and his wife, Mrs. Verna Cunningham, and were introduced into evidence. The interrogatories were concerning the domicile of defendant, J. V. Cunningham, at the time of the filing of the instant suit.
The record shows that Mr. Cunningham and his family resided at 405 North Adam Street in Rayne, Louisiana, from approximately January or February of 1959 until the middle part of September, 1959, when they moved to Angleton, Texas. Mr. Cunningham was working for Dillard and Wal-termire Drilling Company as a driller, and upon completion of an oil well on location in Louisiana, this company transferred him to work in Texas. At the time of the automobile accident on August 9, 1959, therefore, Mr. J. V. Cunningham was, in fact, a resident of the Parish of Acadia. They stayed at Angleton, Texas, from September, 1959, until January 12, 1960, when they moved to Woodsburo, Texas. On May 23, 1960, Mr. Cunningham and his family moved to Falfurrias, Texas, where they lived to the date of the depositions on February 7, 1963. Upon leaving Louisiana in September, 1959, Mrs. Cunningham quit her job at the Rayne Branch Hospital. They filed a change of address at the post office and advised their friends, a next-door neighbor, their landlord, and certain persons where Mrs. Cunningham worked, that they were moving to Texas. Their son was entered in school at Angleton, Texas, from September, 1959, until January 12, 1960, then attended the Woodsburo school until May 23, 1960, when he entered the public schools in Falfurrias, Texas, where he had attended up to the date of the depositions. At the time Mr. Cunningham moved to Falfurrias, Texas, he quit his job with Dillard and Waltermire Drilling Company and went to work with Baker Oil Tools, Inc., in Falfurrias. Mrs. Cunningham stated that their correspondence, income tax returns, and other official documents have shown their residence address as Texas since the middle of September, 1959. They bought Texas license plates for their car for the last three months of 1959, and for 1960, 1961 and 1962. They have never returned to Louisiana since September, 1959. Mr. Cunningham stated in his answer to Interrogatory No. 14 the following:
“When I left Rayne, Louisiana, I did so with the full intention of making my home in Texas, and the move was a permanent one, not a temporary one.”
Mrs. Cunningham stated in her answer to Interrogatory No. 14 the following:
“Our home has always been in Texas. Our stay in Rayne, Louisiana, was temporary. When we left Rayne and moved to Texas, we intended to make our permanent home in Texas.”
Plaintiffs argue that J. V. Cunningham’s domicile had been fixed in Acadia Parish, and there had never been a change between the date of the accident and the date suit was filed. It is claimed that he had not established a new domicile in Texas since he had never settled down, having lived *627 in Angleton, Texas, only about four months; then in Woodsburo, Texas, only about four months; and in Falfurrias, Texas, less than three months, between the time of the accident and the filing of the suit on August 4, 1960. Under these facts, it is urged that J. V. Cunningham had not resided permanently in a locality so as to have established a new domicile, and, therefore, the domicile established in Acadia Parish remained unchanged as of August 4, 1960.
The general rule of law is that the essential elements of domicile are (a) residence in fact, and, (b) the intention of making the place of residence one’s home.
The general definition of domicile is given in Article 38 of the LSA-Revised Civil Code, as follows:
“The domicile of each citizen is in the parish wherein he has his principal establishment.
“The principal establishment is that in which he makes his habitual residence; if he resides alternately in several places, and nearly as much in one as in another, and has not declared his intention in the manner hereafter prescribed, any one of the said places where he resides may be considered as his principal establishment, at the option of the persons whose interests are thereby affected.”
Counsel for plaintiffs contend that a party who seeks to change his domicile has the burden of proving same under the provisions of LSA-C.C. Article 46.
In Successions of Rhea, 227 La. 214, 78 So.2d 838, the court held:
“A change of domicile is brought about by the actual residing in another place with the intention of making it the principal establishment or home. * * * ”
This Court is of the opinion that ex-ceptor, American General Insurance Company, has shown that at the time the original petition was filed in the instant case, J. V. Cunningham was domiciled and resided in Texas.
Counsel for exceptor next contend, that the Acadia Parish Court was not the court of proper venue for the filing of the instant case.
Under the provisions of Article 165(5) of the Louisiana Code of Practice of 1870, a non-resident of this State could be served at any place within the State of Louisiana.
Under the provisions of Article 165(9) of the Louisiana Code of Practice of 1870, in a case where a person committed a tort, he could be sued in the parish where the damage occurred or at his domicile. Article 165(9) has been carried over to the Louisiana Code of Civil Procedure, being LSA-C.C. Articles 74 and 76. Plaintiffs have not complied with either requirement set out herein.
The Acadia Parish Court in the instant case did not have jurisdiction or venue of the subject matter, and therefore, was not a court of competent jurisdiction.
The last defense raised by exceptor is that the suit filed against it is prescribed, and the filing of the suit in Acadia Parish did not interrupt prescription as to it because the Acadia court did not have jurisdiction over the person of defendant, J. V. Cunningham, and was not the proper venue for the institution of said suit.
LSA-C.C. Article 3518 provides the rule that prescription is interrupted when suit has been filed within the prescriptive period and the defendant has been served with citation within said period, even though the suit was not brought before a court of competent jurisdiction. This is distinguished from LSA-R.S. 9:5801, which provides that the mere filing of a suit in a court of competent jurisdiction interrupts prescription of a cause of action even though service has not been made upon the defendant. These two rules were clearly set forth and *628 explained in the case of Flowers v. Pugh, (La.App., 1 Cir., 1951), 51 So.2d 136, wherein the plaintiffs, the father and mother of a five-year-old child, brought suit for damages resulting from the death of the said child which had occurred on June 21, 1947, in the City of Bogalusa, Washington Parish. Suit was filed on June 21, 1948, in the civil district court, in Orleans Parish, against Pugh and his liability insurance carrier, General Accident Fire & Life Assurance Corporation, Ltd., for the death of their son. On June 22, 1948, the petition and citation in the suit were served on the liability carrier through the Secretary of State, and the insured was served on June 25, 1948, in the Parish of Washington. The defendants immediately filed an exception to the jurisdiction ratione personae, and on May 17, 1949, judgment was rendered in favor of the defendants, sustaining their exception and dismissing the plaintiffs’ suit. The plaintiffs then filed the exact same suit on November 15, 1949, in Washington Parish, and the defendants were served in due course. To this suit the defendants filed a plea of prescription under LSA-C.C. Article 3535, contending that more than one year had elapsed from the happening of the alleged accident to the time of the suit being filed. This, of course, assumed that the running of prescription had not been interrupted by the filing of the suit in the civil district court in Orleans Parish. The court, in deciding the question in favor of the defendants, adequately set forth the law applicable to the instant case. The court stated as follows :
“ * * * Hence, the only question presented is the legal effect of the filing of the suit in the Civil District Court for the Parish of Orleans.
“In considering that question, the following provisions of law are pertinent:
“Civil Code, Article 3518, provides: ‘A legal interruption takes place, when the possessor has been cited to appear before a court of justice, on account either of the ownership or of the possession; and the prescription is interrupted by such demand, whether the suit has been brought before a court of competent jurisdiction or not.’
“Act No. 39 of 1932, now LSA-Revised Statutes Title 9:5801: ‘The filing of a suit in a court of competent jurisdiction shall interrupt all prescriptions affecting the cause of action therein sued upon, against all defendants, including minors and interdicts.’
“Code of Practice Articles 86 and 87 provide:
“Article 87: ‘In order to ascertain whether a judge be competent or not, three points must be taken into consideration :
“ T. The object or the amount in dispute.
“ ‘2. The person of the defendant.
“ ‘3. The place where the action is to be brought.’
“Article 86: ‘In matters of jurisdiction, the right given to a judge to take cognizance of certain causes against certain persons within his jurisdiction, is termed competency.’
“It may appear at first glance that the provisions of Civil Code, Article 3518 and Act No. 39 of 1932 are in conflict and that Act No. 39 of 1932 therefore tacitly repeals Article 3518 but a study of the two provisions clearly show that they are applicable to two sets of cases and are not in conflict. Act No. 39 of 1932 is merely another method whereby the running of prescription is interrupted. The jurisprudence is now well established that prescription is interrupted under Article 3518 by the filing of a suit in any court, whether of competent jurisdiction or not, whenever the defendant has been served with citation within the prescriptive period; prescription is not interrupted when citation to a defendant *629 is made after the prescriptive period has run because citation to a defendant, which is the judicial notice to him to appear and answer the demand that is being made against him, is the only-form of notice which will interrupt prescription. While, under the provisions of Act No. 39 of 1932, prescription is interrupted by the mere filing of a suit in a court of competent jurisdiction whether the defendant has been served with citation within the prescriptive period or not; in other words, the mere filing of a suit in a court of •competent jurisdiction within the prescriptive period is sufficient to interrupt prescription. It thus becomes necessary to determine under which provisions the case at bar falls.
“In order for a court to be of competent jurisdiction, the judge thereof must have the right to take cognizance •of certain causes against certain persons within his jurisdiction. Code of Practice, Article 86, supra. In order to determine whether the judge be •competent or not, the object or the amount in dispute, as well as the person of the defendant, and the place where the action is brought must be •considered. Code of Practice, Article 87, supra. Since the judgment of the Civil District Court for the Parish of -Orleans sustained the exception to the jurisdiction ratione personae, this matter is now a closed book, thus, clearly showing the lack of jurisdiction of said district court over the person of defendants, a requisite under Code of Practice, Article 87, supra, and to not have been a court of competent jurisdiction in so far as this case is con•cerned as required by Act No. 39 of 1932. Thusly, the mere filing of the suit in the Civil District Court for the Parish of Orleans cannot constitute an interruption of prescription under the act. This case therefore necessarily fails under the provision of Civil Code, Article 3518.
“As heretofore stated, the mere filing of a suit does not interrupt prescription under Article 3518; it is the service of citation on the defendant which interrupts prescription. In the case at bar, service of citation was not made on either of the defendants until more than a year after the death of plaintiff’s minor child. Therefore, under the well established jurisprudence, the plea of prescription was correctly maintained.”
We are of the opinion that since this suit was instituted by plaintiffs more than one year after the tort occurred in the instant case, the plea of prescription is valid and bars plaintiffs from recovering damages against exceptor.
As an alternative argument, plaintiffs maintain that the district court should not have dismissed the lawsuit as against the original defendant, J. V. Cunningham, but should have dismissed only the supplemental and amending petition as against the exceptor, American General Insurance Company.
The record reveals that defendant, J. V. Cunningham, was never cited in the case, nor did he make any appearance herein. Consequently, this Court is of the opinion that the dismissal of the suit by the trial court as to Cunningham was improper.
For the reasons assigned, the judgment of the district court is reversed insofar as it dismisses the action against defendant, J. V. Cunningham. In all other respects, the judgment of the trial court is affirmed. All costs of this appeal are assessed against plaintiffs.
Reversed in part and affirmed in part.